NEW YORK COUNTY—HON. CHARLES McVEAN, SURROGATE—1847.

## In re WARD.*

*In the Matter of the application for Letters* cum testamento annexo de bonis non *of the estate of* JACOB WARD, *deceased.*

Where letters of administration with the will annexed are granted, in a case where letters testamentary have never been issued, and there is no executor to take, or where the administrator with the will annexed dies, they issue to persons in the following order of preference: 1. Residuary legatees; 2. Principal or specific legatees; 3. The widow; 4. Next of kin;

---

\* Reported in 6 *N. Y. Leg. Obs.*, 111.

5. The public administrator (in the city of New York); 6. Creditors; 7. Any person not interested, who will accept.

In other counties than New York, the county treasurer takes next after creditors.

THE SURROGATE.—What is the order of preference in the granting of letters of administration with the will annexed, on goods left unadministered by a former administrator with the will annexed, who has died?

The doubt which is thrown over this question, arises from the obscurity of the provision of the statute which prescribes the order of priority. The section is as follows:

" § 45. If all such executors or administrators shall die, or become incapable, as aforesaid ; or the power and authority of all of them shall be revoked, according to law; the surrogate having authority to grant letters originally, shall issue letters of administration upon the goods, chattels, credits, and effects of the deceased, left unadministered, with the will annexed, *or otherwise, as the case may be,* to the widow or next of kin, or creditors of the deceased, *or others,* in the same manner as hereinbefore directed in relation to original letters of administration, &c." (2 *Rev. Stat.,* 78.)

The true construction of this statute, which is rendered ambiguous by a desire to economize in the use of words, is this: If an executor or original administrator with the will annexed, shall die, &c., letters with the will annexed *de bonis non* shall be granted to persons in the same order of preference as is prescribed in the law of original administration with the will annexed; and, if an original administrator, in case of intestacy, shall die, &c., letters *de bonis non* shall be granted to persons in the same order of preference, as is prescribed in the case of granting letters originally on the estates of intestates.

The 14th section (2 *Rev. Stat.,* 71) shows the persons entitled to original letters of administration with the will annexed, and the order of preference. The 27th section (2 *Rev. Stat.,* 75) shows what persons are entitled to original letters of administration, and the order in which they are preferred. The

45th section (2 *Rev. Stat.*, 78), which I have quoted in part, and which prescribes the order of preference in case of administration with the will annexed *de bonis non*, refers to the said 14th section for the rule, and that 14th section refers to the said 27th section for a rule in part. In ascertaining the rule, therefore, for granting letters of administration with the will annexed *de bonis non*, the three sections, taken together, prescribe the rule, and it is as follows, that is to say: 1. The residuary legatees; 2. The principal, or specific legatees; 3. The widow; 4. The next of kin; 5. The public administrator (in the city of New York); 6. Creditors; 7. A stranger to the estate, who will accept the office. In other counties of this State, the county treasurer takes next after creditors. The same order of preference, of the same classes of persons, obtains in the case of the original administration with the will annexed, where letters testamentary have never issued, and there is no executor to take, or who will take.

The practice that has prevailed, and perhaps does yet in some courts, of appointing a person not interested in the estate, at the suggestion or by the agreement of those who occupy the first classes, in the order of priority of right, without consulting the others lower in the scale, was and is a palpable violation of the law. The convenience of estates and parties is often so strongly urged, and is so apparent, as to afford strong temptation to transgress the rule; and the argument is urged that there can be no harm in breaking the law, as long as the interest of those principally concerned in the estate are promoted. The most unjustifiable of all breaches of the law, is that by him who is appointed to see that it is in all things observed. The evil effect of such a departure from all correct moral principle in administering law, may not be much felt in the particular case; but its effect in begetting a disrespect of the law itself, thus wounded in the house of its friend, is incalculable. To a judge, to whom the law is not the supreme law of his conduct in all matters committed to his care, no rule can be prescribed that can bind him.