## CHURCHILL *vs.* PRESCOTT.

### *In the matter of the estate of* JAMES L. PRESCOTT.

THE statute not only prescribes the order of preference between the next of kin, in relation to the grant of administration, but also declares the rule of competency. Indebtedness to the estate does not render a person incompetent to administer, nor impair his priority of right to administration.

THE SURROGATE. The husband of a sister of the intestate having applied for administration, on the return of the citation the intestate's brother appeared, and claimed priority of right to administer. The claim was contested, on the ground that the brother was indebted to the intestate at the time of his decease, and is thereby incompetent to administer.

The statute not only prescribes the order of preference between the next of kin, in relation to the grant of administration, but also declares the rule of competency. Indebtedness to the estate, is not one of the circumstances specified in the statute as rendering a party incompetent.

CHURCHILL *vs.* PRESCOTT.

Where several applicants are equally entitled, such a fact may be taken into consideration by the Surrogate, in deciding between them. But a preference to administer, given by statute, can only be overcome by the rule of incompetency as declared by statute. So far is the indebtedness of the executor from being a sufficient reason for refusing the grant of letters, that provision is expressly made for the inclusion in the inventory of the debts due by the executor to the testator. (2 *R. S.*, *p.* 84, § 14.) It is evident, therefore, that the subject was not left unconsidered in the case of an executor, and there is no reason to suppose that there was in this respect any oversight in regard to an administrator. If there were, the remedy must be legislative, and not judicial. The letters must, therefore, be granted to the party entitled to a priority under the statute.