NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—FEBRUARY, 1877:

## MATTER OF BLANK.

*In the matter of the Estate of* ———.

The public administrator has a right to administration with the will annexed in preference to the attorney in fact of disqualified next of kin, except where the will was made by a testator dying domiciled abroad, and was proved by exemplification of a foreign probate, under L., 1863, c. 403.

This was an application for letters of Administration with the will annexed.

THE SURROGATE.—By the provisions of 2 *Rev. Stat.*, 78, § 44, it is provided that if any one of several executors, &c., to whom letters testamentary shall have been granted, shall die, &c., the remaining executors shall receive, and complete the execution of the will according to law.

Section 45 provides that if all such executors shall die, &c., the Surrogate having authority to grant letters, originally, shall issue letters of administration with the will annexed, to the widow, or next of kin, or creditors of the deceased, or others, in the same manner as therein directed; in relation to the original letters of administration.

By section 14, it is provided that if all the persons named in the will as the executors, shall renounce or neglect to qualify, or be legally incompetent, then letters testamentary shall issue, and administration with the will annexed be granted to the residuary legatees, or some or one of them, if there be any; if there be none that will accept, then to any principal or specific legatee;

if there be none that will accept, then to the widow, and next of kin, or to any creditor of the testator, in the same manner, &c., as letters of administration in case of intestacy.

Some discussion has arisen as to the effect of section 45, whether in case of administration with the will annexed, section 14 prescribes the persons entitled in their order, or whether section 45 is to be taken literally as giving the right to the widow, or next of kin, or to creditors, in their order; but the question submitted to me does not involve this dispute.

By the provisions of 2 *Rev. Stat.*, 74, § 27, as amended by chapter 782, section 6, of the laws of 1867, preference is given over creditors to the public administrator of the state of New York.

The language of section 45, 2 *Rev. Stat.*, 80, provides for the issue of letters of administration with the will annexed in the same manner as therein before directed in relation to the original letters of administration; and it would seem to follow that, in the absence of any next of kin, entitled under the statute, who are qualified for such appointment, the public administrator would be entitled, and that the power to designate some other person to receive such letters, must be confined to the particular case referred to in chapter 403, of the laws of 1863, which is limited to the will of a testator domiciled without this state, at the time of his death, and whose will shall be probated in this state, on exemplification of a foreign record thereof, or otherwise,—in which case the statute authorizes the grant of letters to executors, administrators, or other person, or persons, entitled to possession of the personal estate, or to any *person or persons* authorized by him or them to receive the same, that is, the executors, administrators, or other person or persons entitled to the possession of the personal estate in said county.

In *The Public Administrator* v. *Watts & Leroy*, 1 *Paige*, 382, it was held that the next of kin of the decedent, whether alien or citizen, is entitled to his personal estate ; but if the next of kin is not the heir, or is legally disqualified from administering, the public administrator is entitled ; and unless this case falls within the act of 1863, above cited, I am of the opinion that a power of attorney executed by the alien legatees would confer no authority upon this court to appoint any other person than the public administrator, with the will annexed.

Order accordingly.