<hr />

NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
September, 1878.

## BRADLEY v. BRADLEY.

*In the matter of the estate of* JOHN BRADLEY, *deceased.*

Upon the death of a sole executor, the residuary legatee is first entitled to letters of administration, as against the widow of the decedent, in like manner as if the executor had renounced or neglected to qualify.

THIS was an application by the brother of the decedent, for letters of administration with the will annexed, as residuary legatee, on the death of the sole executor appointed by the will. The widow appeared, and as such, claimed letters.

T. H. HARNESS, *for the petitioner.*

CHAS. L. CLARKE, *for the widow.*

THE SURROGATE.— By section 15, 3 *R. S.*, [6 ed.], 74, (2 *R. S.*, 71, § 14), it is provided that if all

the executors renounced, or, on notice, neglect to qualify, letters shall be issued with the will annexed, to the residuary legatees, if there be any who will accept, and if there are none, then to a principal or specific legatee, and if there are none of these that will accept, then to the widow and next-of-kin, as in cases of intestacy. By section 60, page 83, of the same statute (2 *R. S.*, 78, § 45), it is provided that if executors die or become incapable, or if their authority be revoked, letters with the will annexed shall be granted to the widow, next-of-kin, or creditors of the deceased, in the same manner as thereinbefore directed in relation to original letters of administration.

In Re Ward, (1 *Redf.*, 254), which was a case where an administrator with the will annexed, had died, it was held that the order prescribed in the 15th section (above cited) should prevail, and that a residuary legatee was first entitled. And the Surrogate in his opinion, interpreted sec. 60 (above cited) as providing for the same order of preference as is prescribed in the law for original administration with the will annexed.

There seems to be no good reason apparent why a different order should prevail in the case of renunciation, or failure to qualify, and the case where such administrator, etc., becomes necessary because of the death of the executor, and hence such construction if possible should be adopted as will harmonize both sections.

Section 60, in using the expression, " to the widow or next-of-kin, or creditors of the deceased, or otherwise," does not, it seems to me, attempt to prescribe

the *order* of preference, but refers in general terms to the respective statutes providing for letters of administration; and the words, " in the same manner as hereinbefore directed in relation to original letters of administration," refer to the statutes providing for original letters in intestate cases, and to the statute providing for administration with the will annexed in *testate* cases, (*Redf. Surr. Pr.*, 152).

I am of the opinion that the petitioner is entitled to the letters, if, as is assumed, but not stated in the petition, the deceased executor ever qualified. If not, then by death he became "legally incompetent" under the 15th section, and the petitioner, as residuary legatee, would indisputably be entitled.

Ordered accordingly.