NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—July, 1886.

HAYWARD *v.* PLACE.

*In the matter of the estate of* SUSAN A. PLACE, *deceased.*

A claim, touching which an action is pending in a court of the city of New York, in the name of a removed executor, is an unadministered

asset of the decedent's estate, which gives to the Surrogate of that county jurisdiction to issue letters of administration with the will annexed.

The fact that the defendant in such action is the husband of one entitled to those letters, does not defeat the latter's right of priority under the statute.

The provision of Code Civ. Pro., § 2693, that "the proceedings to procure the grant" of the letters, "where all the executors . . . . . become incapable . . . . . or the letters are revoked as to all of them . . . . . . are the same as in a case of intestacy," does not change the order of priority among claimants of letters of administration, c. t. a., established by id., § 2643.

APPLICATION by James K. Place, decedent's husband, for letters of administration with her will annexed; opposed by Emeline P. Hayward, her daughter. The facts are stated in the opinion.

CHARLES F. WELLS, *for husband.*

J. K. HAYWARD, *for daughter.*

THE SURROGATE.—Of the three persons named by this testatrix as her executors, but two have ever taken letters testamentary, and the letters of those two have been revoked. The estate is now, therefore, without a legal representative. The husband of the testatrix, who is a beneficiary under her will, applies for letters of administration with the will annexed. He alleges, in his petition, that the only unadministered asset known to him is a chose in action, touching which there is now pending, in the Superior court of the city of New York, a suit at law, wherein the late executor is plaintiff and Mr. Hayward, the husband of one of the daughters of the testatrix, is defendant. The petitioner's application in his own behalf, and his suggestion that, if that

application be denied, letters should issue to the public administrator, are opposed by Mrs. Hayward, who insists (1) that there is no occasion for making an appointment at all; and (2) that, if that contention is pronounced untenable, she is herself entitled to letters in preference both to the petitioner and the public administrator.

Section 2643 of the Code of Civil Procedure provides, among other things, that where, because of revocation of letters, there is no executor or administrator, *c. t. a.*, qualified to act, letters of administration, *c. t. a.*, shall issue as follows: "1st, to one or more of the residuary legatees," etc.   Mrs. Hayward is one of the residuary legatees under her mother's will; the two others are her brother, Barker Place, the deposed executor, and her sister, Mrs. Sullivan. Mrs. Sullivan makes no claim to letters.   Barker Place is of course disqualified.

*First.* I think that the claim, for the establishment of which the removed executor was prosecuting an action at the time of the revocation of his letters, is an unadministered asset of the estate, and that the Surrogate has jurisdiction, therefore, to appoint an administrator with the will annexed.

*Second.* I am equally clear that Mrs. Hayward is entitled to letters in preference to the petitioner. The circumstance that the claim referred to is a cause of action against her husband does not defeat her right of priority.   It is not made a ground of disqualification by the statute, and only for cause that constitutes a statutory disqualification can one who is otherwise entitled be denied letters (Churchill v. Prescott,

2 *Bradf.*, 304; Estate of Charles Morgan, 2 *How.
Pr., N. S.*, 194; Emerson v. Bowers, 14 *N. Y.*, 449;
McGregor v. McGregor, 3 *Abb. Ct. App. Dec.*, 92;
Coope v. Lowerre, 1 *Barb. Ch.*, 45; O'Brien v. Neu-
bert, 3 *Dem.*, 156).

Counsel for the petitioner claims that the provi-
sions of § 2693 of the Code would justify the Surro-
gate in granting his client's application.   That section
declares that the *proceedings* in procuring letters of
administration or letters of administration, *c. t. a.*, for
the successor of the original holder or holders of such
letters, shall be " the same as in a case of intestacy."
But this declaration is evidently not intended to change
the order of priority established by § 2643; it simply
indicates the practice which must be followed by
the person entitled to letters in order to obtain their
issuance.

A claim similar to that which is set up by the peti-
tioner was urged upon Surrogate McVean, in Matter
of Ward (1 *Redf.*, 255).

Section 45, title 2, ch. 6, part 2 of the Revised
Statutes (3 Banks, 6th ed., 83) provided that, in case
of the revocation of letters of all the executors or ad-
ministrators of an estate, the Surrogate should issue
letters of administration " with the will annexed, *or
otherwise, as the case may be,* to the widow, or next
of kin, or creditors of the deceased, or others, in the
same manner as hereinbefore directed in relation to
original letters of administration."

Section 14 of the same title established the order
of priority to letters of administration with the will
annexed.   (That section was repealed by the Laws of

1880, chapter 245, and in its place has been substituted § 2643 of the Code.) Section 27 of the same title established the order of priority to original letters of administration in cases of intestacy. (That section is still in force.)

It was held by Surrogate McVean, that § 45 (*supra*) should be construed as declaring that administration, *c. t. a.*, upon the estate of a decedent who had died testate, should in all cases be granted to applicants in the order of preference prescribed by section 14, and that administration, *d. b. n.*, upon an estate should be granted in the order of preference prescribed by § 27. This interpretation was subsequently approved by Surrogate Calvin, in Bradley v. Bradley (3 *Redf.*, 512).

The cases above cited confirm me in the opinion that the provision in § 2693 of the Code (which has taken the place of § 45, *supra*, of the Rev. Stat.), that, in case of the death, incapacity, or removal of "all the executors or all the administrators to whom letters have been issued . . . . . the Surrogate must grant letters of administration to their successors *in like manner as if the former letters had not been issued*," means that, for ascertaining rights of preference, resort must be had, in cases of testacy, to § 2643 of the Code, and in cases of intestacy, to § 27 (*supra*) of the Revised Statutes.