An order may be prepared accordingly, with $10 costs to the plaintiff.

Ordered accordingly.

---

{72 Misc. Rep. 287.)

### In re BLAUVELT'S WILL.

(Surrogate's Court, Rockland County. May, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 37*)—RIGHT TO ADMINISTER—PRIORITY OF RIGHTS.

Letters of administration were issued to the sons and next of kin of the decedent, and they brought action against a third person to recover assets of the estate, and defendant offered for probate a will which named no executor but in which the defendant was named as legatee. *Held* that, under Code Civ. Proc. §§ 2643, 2684, the defendant, on the probate of the will, was entitled to letters of administration in preference to the sons and next of kin.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 267–278; Dec. Dig. § 37.*]

In the matter of the last will of Jane Ann Blauvelt. Probate of will decreed.

Irving Hopper (Alonzo Wheeler and George A. Wyre, of counsel), for proponent.

Frank Comesky, for contestants.

McCAULEY, S. The decedent died July 25, 1910; and shortly thereafter, upon due application, letters of administration upon her estate were granted by this court to Charles G. and Everett Blauvelt, her sons and only next of kin. These letters are still in force. The administrators brought an action against one Jennie F. Demarest, which is still pending, to recover certain personal property which she withholds, and which, as alleged, belonged to the decedent at the time of her death. This proceeding was begun January 26, 1911, after the

commencement of said action, upon the petition of the said Jennie F. Demarest, for the probate, as a will of personal property, of a paper purporting to be the decedent's last will and testament, and in which the proponent is named as sole legatee. No executor is named in the will, and the proponent prays that letters of administration with the will annexed be granted to her. Upon the return of the citation the decedent's two sons, above mentioned, appeared in person and by counsel, and filed certain objections to the probate of the will. The evidence submitted by the proponent upon the hearing established to my satisfaction the due execution of the will and the competency of the decedent to execute the same; and, the contestants having offered no evidence to sustain their objections, my decision admitting the will to probate was announced.

The will does not bequeath the property sought to be recovered in the action above referred to; indeed, as to a very considerable portion of her property, the testatrix died intestate. The contestants object to the granting of letters of administration with the will annexed to the proponent, more especially for the reason, as stated by counsel, that her appointment would prevent the trial and determination of said action, and cause its abatement; and they ask that the letters issue to them. The letters of administration already issued must of necessity be revoked. The statute (Code Civ. Proc. § 2684) provides that, where after letters of administration on the ground of intestacy have been granted a will is admitted to probate and letters are issued thereupon, the decree granting probate must revoke the former letters. Section 2643 of the Code provides for the appointment of an administrator with the will annexed and designates the persons who are qualified to act, to whom such letters shall issue. It will be seen by reference to subdivisions 2 and 3 of this section that a legatee is preferred to the husband or wife, as the case may be, and to one or more of the next of kin; and it has accordingly been held that the priority of right to letters of administration with the will annexed, in favor of those in one of the classes enumerated in the statute over those in a subsequent class, is absolute and controlling upon the court. Matter of Davis, 48 Misc. Rep. 489, 96 N. Y. Supp. 1106. There is no allegation that the proponent is incompetent to receive the letters; and I think they must under the statute issue to her.

The decree to be entered herein admitting the will to probate must, therefore, contain a provision revoking the letters of administration heretofore issued, and direct that letters of administration with the will annexed be granted to the said Jennie F. Demarest, upon the filing of her official oath and the filing and approval of a bond, in the usual form.

Decreed accordingly.