Surrogate's Court, Bronx County, February, 1917.   [Vol. 99.

Matter of Proving the Last Will and Testament of FREDERICKA O. HAAG, Deceased.

(Surrogate's Court, Bronx County, February, 1917.)

Executors and administrators — when refusal of letters testamentary to executor named in will not justified — wills — Code Civ. Pro. § 2565.

Upon an application for the refusal of letters testamentary to the executor named in the will on the ground that he is not entitled to serve by reason of incompetency and dishonesty within the intent and meaning of the law, in that he was required to account in an interlocutory judgment for moneys and property collected by him and that he had failed so to do and that he had intermingled his own funds with those of the decedent,

*Held,* that a refusal of letters is not justified when the person nominated as executor in the will is indebted to the testatrix at the time of the latter's death; that it is no trivial matter to refuse letters testamentary to a person duly nominated, and that the will having been admitted to probate the person therein nominated as executor has a right to have letters issued to him and he should not be deprived of his right unless it clearly appears that he is incompetent on the grounds of disqualification enumerated in the Code or that the facts stated in section 2565 exist and the surrogate exercises his discretion adversely to him.

MOTION under section 2566 of the Code of Civil Procedure for an order refusing letters testamentary to an executor named in a will.

James R. Bowen, for Gustav Wenzel et al., for the motion.

Harold S. Walton (Arthur Furber, of counsel), for executor, opposed.

SCHULZ, S.   Some of the persons interested in the estate of the decedent ask for a determination by this

court refusing letters testamentary upon her last will and testament, to the executor therein named.

The will of the decedent was contested and after a jury trial of certain controverted questions of fact was admitted to probate. The respondent is entitled to letters testamentary thereunder, unless for some reason prescribed by statute he is incompetent to receive the same. Section 2564 of the Code of Civil Procedure specifies the persons who are incompetent to receive letters. The section, so far as material to this controversy, provides as follows: '' No person is competent to serve as an executor, administrator, testamentary trustee or guardian, who is: * * * 5. Incompetent to execute the duties of such trust by reason of drunkenness, dishonesty, improvidence or want of understanding.''

The petition upon which the application is based states as the ground for refusing such letters that the respondent is incompetent to serve by reason of dishonesty within the intent and meaning of the law. The alleged act of dishonesty is stated to be that on or about the 28th day of January, 1916, by an interlocutory judgment of the Supreme Court, Bronx county, in an action brought by the committee of the testatrix who was an incompetent at that time, against the respondent, the latter was required to account for certain moneys and property of the decedent collected by him and that he failed so to do. It is further alleged that the referee appointed by the court had ordered and directed the respondent to file an account within a certain time and that such account was never filed.

An examination of the papers discloses the fact that the interlocutory judgment referred to was made upon the consent of the respondent. He explains his failure to file the account by stating that the incompetent died

before the date upon which he was to file it and that the proceeding brought by the committee of the incompetent thereby abated. It cannot be questioned that the power of the committee to proceed with the action ceased upon the death of the testatrix. Code Civ. Pro. § 2344; *Matter of Forkel,* 8 App. Div. 397; *Carter* v. *Beckwith,* 128 N. Y. 312, 320.

In the memorandum submitted by the petitioners they also urge as a ground for refusing letters that the respondent being the attorney of the decedent intermingled her funds with his own and that this constitutes such an act of dishonesty as to disqualify him from receiving letters and ask that a hearing be accorded so that they may offer evidence on this point. I am of the opinion that even if this fact were proved it would not of itself constitute dishonesty as used in the section cited. Such being the case, it is not necessary to have a hearing on that proposition.

At first glance it would appear perhaps that there is something anomalous in having as the executor of this estate the person who was the defendant in the action brought by the committee. As was argued by the counsel for the petitioners, if the action survived he might be the sole plaintiff in his representative capacity and the sole defendant in his individual capacity which would be absurd; or if the action did not survive he might be in the position where as the personal representative of the deceased it would be his duty to bring an action against himself as an individual which would be equally absurd. It must be remembered, however, that as the executor of the decedent's will it will be his duty to file an inventory (Code Civ. Pro. §§ 2665–2669), and to account for all the moneys and property of the decedent which have or hereafter may come into his possession. Code Civ. Pro. § 2726. In

the accounting proceeding all the parties who now oppose the issuance of letters to him will have an opportunity to be heard and all of the matters which might have been considered and litigated in the accounting action brought in the Supreme Court may be as fully litigated and determined in the accounting proceeding. *Killick* v. *Monroe County Savings Bank*, 1 N. Y. Supp. 501. I can find no authority holding that a refusal of letters is justified when the person nominated as executor in a will is indebted to the testatrix at the time of the latter's death. In fact, the authorities are the other way. *Churchill* v. *Prescott*, 2 Bradf. 304; *Matter of Morgan*, 2 How. Pr. (N. S.) 194; *Matter of Bennett*, 60 Misc. Rep. 28; *Matter of Brinckmann*, 89 id. 41.

The will having been admitted to probate, the person therein nominated as executor has a right to have letters issued to him. This right he should not be deprived of unless it clearly appears that he is incompetent under the Code sections cited above, or that the facts stated in section 2565 exist and the surrogate exercises his discretion adversely to him. *McGregor* v. *McGregor*, 1 Keyes, 133. It is no trivial matter to refuse letters testamentary to a person duly nominated in a valid last will and testament *Matter of Latham*, 145 App. Div. 849, 854. In this case it would involve a finding that the respondent is dishonest. Nothing in the papers before me warrants such a finding; nor would I be willing to base it upon absolute proof of the facts not stated in the papers but urged in the brief of the petitioners.

It follows that the application must be denied, and letters issued accordingly. No costs.

Decreed accordingly.