## In the Matter of the Estate of ELLA BLACKBURN, Deceased.

Surrogate's Court, New York County, April 10, 1939.

*Baldwin, Todd & Young,* for the petitioner.

*Joseph A. Cox,* for the public administrator.

DELEHANTY, S. The will of deceased neither names an executor nor confers on any one power to select an executor. All of deceased's property is bequeathed to non-resident aliens. Accordingly no legatee is competent to serve as administrator with the will annexed. (Surr. Ct. Act, § 94, subd. 3.) The residuary legatee has assigned her interest in this estate to four cousins of deceased, one of whom has presented a petition (accompanied by supporting renunciations of the other assignees) wherein she asks that letters of administration *c. t. a.* be granted her. The public administrator, as respondent, contends that in this state of fact he has an absolute priority of right to receive the letters. He prays that the court deny the application of petitioner and award letters to him.

In her quality as *assignee* of a residuary legatee not competent to serve the petitioner has no standing. (*Matter of Jordan,* 202 App. Div. 710.) As a mere relative of deceased (as distinguished from *next of kin or distributee* — terms defined by statute) the petitioner is in no better position. (See Dec. Est. Law, §§ 47-c, 81, 83; Surr. Ct. Act, § 314, subd. 11; *Matter of Franko,* 169 Misc. 356.) Petitioner is not claiming as distributee or statutory next of kin but only as successor in interest to a legatee.

Petitioner urges that under subdivision 5 of section 133 of the Surrogate's Court Act the court nevertheless has discretion to grant her letters. If discretion exists it should be exercised in this case in petitioner's favor. Subdivision 5 says:

" If there is no qualified person, entitled under the foregoing subdivisions, who will accept, then to the public administrator, and if there be none for the county, to the treasurer of the county or to the petitioner in the discretion of the surrogate, and if neither will accept, to any creditor or competent person designated by the surrogate.

" Except as to the right of priority as provided in this section, the provisions of section one hundred and eighteen of this act apply to an application for letters of administration with the will annexed."

Petitioner contends that the first cited sentence should be interpreted to mean that a public administrator, a county treasurer (where there is no public administrator) and a petitioner enjoy exact parity in respect of right to letters under this subdivision. It is evident that such is not the first meaning to be taken by an unbiased understanding from the cited words. The right to letters is there given in an unqualified manner to a public administrator. If the word " administrator " in the first sentence were followed by a period and if the succeeding comma and conjunction were stricken out no alteration of textual meaning would result for it is apparent that the next idea is so phrased as to show that the Legislature was grouping together the county treasurer and petitioner and at the the same time separating them from the public administrator. This is made certain by the use of the pronoun "neither" in the expression "if neither will accept." As a pronoun the term means " not one or the other." (Century Dict.) It is inappropriate to use the word to refer to three subjects.

The interpretation thus given to subdivision 5 of section 133 of the Surrogate's Court Act is fortified by consideration of the provisions appearing in section 118 of the same act. The Legislature has always intended these two sections to be congruous. In the last sentence of section 133 the connection between the two sections is expressly stated. (See, also, note of revisers of 1914 appended to section 2603 of the Code of Civil Procedure.) Upon examining section 118 it will be noted that the distinctive status of the public administrator as compared with that of the county treasurer is there expressly recognized. Stating the order of those entitled to receive letters of administration in cases of intestacy, section 118 when it completes the references to the rights of distributees awards absolute priority to the public administrator. This legislative intent is shown by placing such administrator in a specially identified subdivision. The county treasurer and the " petitioner " on the other hand are bracketed together in a differently marked subdivision. As to them the surrogate is expressly granted discretion to select one or the other. No corresponding discretion is granted as respects the public administrator.

When section 133 of the Surrogate's Court Act is examined in terms of its origin the same result is reached respecting the meaning of subdivision 5. In the Revised Statutes of 1829 it was provided that letters of administration c. t. a. should issue in a suitable case

" to the residuary legatees, or some or one of them, if there be any; if there be none that will accept, then to any principal or specific legatee, if there be any; if there be none that will accept, then to the widow and next of kin of the testator, or to any creditor of the testator, in the same manner, and under the like regulations and restrictions, as letters of administration, in case of intestacy." (2 R. S. 71, § 14, pt. 2, chap. 6, tit. 2, art. 1.) The situation " in case of intestacy " was handled by section 27 (2 R. S. 74) where it was provided that letters of administration should issue to persons in various classes ending with the class of creditors, followed by the class of " any other person or persons legally competent." The act then said: " but in the city of New York, the public administrator shall have preference after the next of kin, over creditors and all other persons; and in the other counties of this State, the county treasurer shall have preference next after creditors, over all other persons."

The scheme of 1829 was completed by the provisions of section 45 (2 R. S. 78) where it was provided that when it became appropriate to grant letters of administration *c. t. a.* the surrogate should award them to " the widow or next of kin, or creditors of the deceased, or others, in the same manner as hereinbefore directed, in relation to original letters of administration."

Surrogate McVEAN in *Matter of Ward* (1 Redf. 254 [1847]) pointed out that section 45 referred back to section 14 while the latter made reference to section 27. Construing the three sections together he held that for New York county letters of administration *c. t. a.* necessarily had to be awarded in the following order: (1) residuary legatee; (2) principal or specific legatee; (3) widow; (4) next of kin; (5) public administrator; (6) creditors, and (7) strangers. Other than in New York county he said the county treasurer comes after the class of creditors. The same result was reached thirty years later by Surrogate CALVIN. (*Matter of Blank*, 2 Redf. 443 [1877].)

When the relevant sections of the Code of Civil Procedure were enacted in 1880, section 14 of the Revised Statutes was absorbed by section 2643 of that Code while section 27 of the old law became section 2660 of the Code. These new statutes, later renumbered 2603 and 2558, were eventually to become sections 133 and 118, respectively, of the Surrogate's Court Act. Section 2643, as originally enacted, provided in the subdivision here for discussion: " If there is no qualified person, entitled under the foregoing subdivisions, who will accept, then to one or more of the creditors, who are so qualified." The preferential position which by judicial construction of the Revised Statutes had been enjoyed by the public

administrator as against creditors where it was a question of administration *c. t. a.* had been overlooked. This defect in section 2643 was remedied by section 11 of chapter 535 of the Laws of 1881, which added to the cited text the phrase: " Except that, in the counties of New York and Kings, the public administrator shall have preference, after the next of kin, over creditors and all other persons." The law was thereafter undisturbed until 1914. It will be noted that the amendment of 1881 restored to the public adminministrator the status he had occupied under the Revised Statutes but it continued to be silent as respects county treasurers. The revisers of 1914 aimed to remedy this situation and to do so recommended the following text: " If there is no qualified person, entitled under the foregoing subdivisions, who will accept, then to the public administrator, and if there be none for the county, to the treasurer of the county, and if he be relieved from serving, to any creditor or competent person designated by the surrogate." (Rep. Surr. Rev. Comm. [1914] § 2603, p. 130.) Had the Legislature accepted this text the county treasurer would not only have been restored to his former statutory status but in addition he would have been given a new preferential position as against creditors. The Legislature rejected the new text and formulated the text which is presently to be found in subdivision 5 of section 133. In doing this the Legislature manifestly determined expressly to re-enact into law the regulations fixing priorities in the grant of letters of administration *c. t. a.* to public functionaries which had obtained for several generations.

Consideration of the present text alone, comparison of that text with analogous language used in section 118 of the Surrogate's Court Act, investigation of the circumstances attending the enactment of the subdivision in its present form in 1914 and study of the history of the statute come to one result only, namely, that under subdivision 5 of section 133 of the Surrogate's Court Act the right of the public administrator is unqualified and is in no way subject to the court's discretion. The application of petitioner for letters must, therefore, be denied and letters must issue to the public administrator.

Submit, on notice, decree accordingly.