In the Matter of the Estate of John Cullinane, Deceased.

Surrogate's Court, New York County, December 7, 1943.

*Oscar Levine* for Eugene Cullinane, petitioner.

*Arthur J. X. Hines* for Kate Cullinane, respondent.

FOLEY, S. In this application by a residuary legatee for letters of administration *c. t. a.*, the respondent, who is the widow of the testator, asserts that she has a superior right to letters. The question presented is whether a widow as to whom the will is revoked under the provisions of section 35 of the Decedent Estate Law, is entitled to letters of administration *c. t. a.* in preference to the residuary legatees under the will.

The Surrogate holds that the petitioner, as a residuary legatee, has a right to letters of administration *c. t. a.* prior to the respondent who takes her intestate share against the will. (Surrogate's Ct. Act, § 133.)

The testator executed his will on April 30, 1919. He bequeathed all of his net estate to a trustee for the benefit of his two sons during their minority. The trust for each child was to terminate when the child attained the age of twenty-one years. Since both of the sons have passed the age of twenty-one years, the trust provisions are no longer effective and each son is entitled under the terms of the will to one half of the net estate of the testator.

On September 10, 1937, more than eighteen years after the execution of his will, the testator married the respondent. He died on March 18, 1943, without having made any change in his will or any provision for his widow by antenuptial agreement.

The executor named in the will has renounced appointment. One of the sons of the testator is the petitioner herein. The other son has renounced his right to letters in favor of the petitioner. The respondent contends that since her interest in the estate is exactly the same as that of each of the sons, being one third of the net estate, all must be considered as residuary legatees and in the same class under the provisions of section 133 of the Surrogate's Court Act. She argues that in such a case recourse must be had to section 118 of the Surrogate's Court Act to determine priority and that under the latter section the widow is accorded a preference over the children.

Section 133 governs the issuance of letters of administration with the will annexed and prescribes the order of priority in which persons shall be entitled to such letters. The person preferred over all others is a sole legatee and devisee or the personal representative of a sole legatee and devisee named in a will. (Surrogate's Ct. Act, § 133, subd. 1.) The second class

is comprised of " one or more of the residuary legatees, who are qualified to act as administrators, or to the executor or administrator of one of the residuary legatees." (Subd. 2.) If there are none of such class who will accept, then letters must issue to one or more of the principal or specified legatees qualified to act, or to the general guardian, committee or personal representative of such legatee. (Subd. 3.) The fourth subdivision provides: " If there is no such legatee or none who will accept, then to the husband, or wife, or to one or more of the next of kin, or to one or more of the heirs or devisees, so qualified." The persons mentioned in this subdivision may be appointed only where there is intestacy as to all or part of the testator's property, and there are no legatees named in the will who are qualified to take or none who is willing to act as administrator *c. t. a.*

The priority prescribed by section 133 in favor of those in one class over those in a subsequent class, is absolute and controlling upon the court. (*Matter of Place,* 42 Hun 658; 4 N. Y. St. Rep. 533, affd. 105 N. Y. 629; *Matter of Davis,* 48 Misc. 489; *Matter of Blauvelt,* 72 Misc. 287; *Matter of Blackburn,* 171 Misc. 238.) The sons of the testator are the only persons mentioned in his will and have the status of residuary legatees. The widow is not a residuary legatee. No provision was made for her in the will. Her status is that of a wife as specified in the fourth subdivision and her right to letters is subordinate to the right of the residuary legatees who are expressly preferred under the statute.

The right of the widow to share in the estate springs from section 35 of the Decedent Estate Law. This statute, which is applicable only to wills executed prior to September 1, 1930, provides that as to her, " such will shall be deemed revoked " and she " shall be entitled to the same rights in, and to the same share or portion of the estate of said testator as * * * she would have been, if such will had not been made ". Her share is not payable from the residuary estate alone. The statute lays down the rule for the satisfaction of her share which is to come from " the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will."

The right accorded her by section 35 of the Decedent Estate Law is the right to take her share as in intestacy. The measure of that share is prescribed by section 83 of the Decedent Estate Law under which she is entitled to one third of the net estate. I accordingly hold that the widow is not one of " the residuary

legatees ''. As a distributee claiming property which passes by intestate succession as '' if such will had not been made '' (Decedent Estate Law, § 35), her right to letters is subordinate to that of the residuary legatees under section 133 of the Surrogate's Court Act.

Letters of administration with the will annexed are granted to the petitioner.

Submit decree on notice accordingly.