Johh D. Behnett, S.
The petitioner in this proceeding requests permission to resign as executrix and the appointment of her attorney as administrator c.t.a.
The sole beneficiary of the estate is a minor daughter of the decedent. The four adult children of the testator were appointed coexecutors, cotrustees and coguardians for their infant sister. However, in the probate proceeding the petitioner was the only person appointed executrix upon the consent of her three brothers. She is also the sole guardian of her infant sister.
Section 133 of the Surrogate’s Court Act authorizes the appointment of an administrator c.t.a., “ If no person is named as executor in the will ”. Hence, if the petitioner is permitted to resign, there are still three named executors who have never renounced their appointments as provided under section 158 of the Surrogate’s Court Act, and who must be given an opportunity to qualify under section 157 of the Surrogate’s Court Act.
Should the remaining named executors either renounce or fail to qualify after the procedure under section 157 is followed, an administrator c.t.a. would be appointed. Under section 133, *949 the only person who would have a right to letters of administration c.t.a., prior to that of the Public Administrator, would be the guardian of the sole beneficiary but since she is the same person seeking leave to resign, the appointment of the Public Administrator would be mandatory (Matter of Blackburn, 171 Misc. 238). As between the Public Administrator and Mr. Carman, who has no interest in this estate, the court would have no discretion in its appointment (Matter of Blackburn, supra).
The petitioner is granted permission to resign. In the event the named executors should renounce or fail to qualify under the procedure indicated in section 157 of the Surrogate’s Court Act, letters of administration c.t.a. will issue to the Public Administrator.