(27 Misc. Rep. 690.)

## MARKET & FULTON NAT. BANK OF NEW YORK v. NASSAU TRUST CO. OF CITY OF BROOKLYN et al.

(Supreme Court, Special Term, New York County. June, 1899.)

WILLS—TERMINATION OF TRUST.

A testatrix bequeathed property in trust to pay an annuity to her aunt, and to divide the remainder of the income between her husband and sister. On the death of her husband or sister during the life of the aunt, the entire estate was to go to the survivor, subject to the charge of the aunt's annuity. The sister died during the lifetime of the aunt. *Held*, that no trust survived the sister's death.

Action by the Market & Fulton National Bank of New York against the Nassau Trust Company of the City of Brooklyn, Isabella Love, as administratrix, etc., and others. Judgment for plaintiff.

Tyler & Durand, for plaintiff.
Russell & Percy, for defendant trust company.
Frank G. Wild, for defendant Isabella Love.

BOOKSTAVER, J. The language of the will which this action is brought to construe is as follows:

"Fourth. I hereby give, devise, and bequeath all the rest, residue, and remainder of my personal property to my executors hereinafter named, in trust, as follows: That out of the income arising therefrom they pay to my beloved aunt, Margaret K. Cox, the sum of five hundred and sixty dollars annually, so long as she shall live, to be paid to her in equal quarterly payments, and the remainder of the income arising therefrom to my husband, John Swan, and my said sister, Julia, share and share alike, and that, after the decease of my said aunt, that said personal property and any accumulation or increase thereof be divided equally between my said husband and my said sister, Julia, share and share alike. But in case that either my said husband or my said sister, Julia, shall die before the decease of my said aunt, then, in that event, I give, devise, and bequeath the whole of said personal property to the survivor thereof forever; said property being charged with the said payment of said sum of five hundred and sixty dollars annually to my said aunt, as hereinbefore stated. Fifth. I hereby make, nominate, constitute, and appoint my said husband, John Swan, and my said sister, Julia Ann Cox, executor and executrix, respectively, of this my last will and testament; hereby giving and granting to them any and all powers that may be necessary in order to carry the provisions thereof into effect."

The will was made in 1875. The testatrix died in 1877. Julia A. Cox died in 1885. In 1896 John Swan borrowed money of the plaintiff, and pledged as collateral certain bonds belonging to the estate, and included under the provisions of paragraph 4, just quoted. The plaintiff in this action seeks to have its lien adjudged prior to the lien or claims of any of the defendants, and to have the pledged securities sold, and its claim paid. Julia A. Cox never qualified as executrix, and accordingly John Swan acted as sole executor and trustee. The bonds were registered, and always remained so, in the name of Caroline M. Swan; but, at the time they were pledged, John Swan stated to the plaintiff that he was sole executor and legatee under his wife's will. He died on January 9, 1897, and the annuitant, Margaret K. Cox, died on January 15, 1897. After his death the defendant the Nassau Trust Company was appointed substituted trustee in his place, on the theory that there was a trust

remaining unexecuted. He died insolvent, and the surviving member of his firm made a general assignment on January 27, 1897, and a dividend was paid to the creditors. The defendants, in addition to the Nassau Trust Company, just mentioned, are Isabella Love, as administratrix, etc., of John Swan; Henry T. Cox, individually and as executor of the will of Julia A. Cox; and Anna M. Cox, as executrix of the will of John J. Cox,—the said Henry T., Julia A., and John J. Cox being the only relatives of the testatrix.

As I construe the paragraphs above quoted, no trust survived after the death of Julia A. Cox. The will plainly says:

"In case that either my said husband or my said sister Julia shall die before the decease of my said aunt, then, in that event, I give, devise, and bequeath the whole of said personal property to the survivor thereof forever; said property being charged with the said payment of said sum of five hundred and sixty dollars annually to my said aunt as hereinbefore stated."

Here is a studied effort to change the situation and end the trust upon the death of either the husband or the sister, and language apt and suitable, under the authorities, was selected for that purpose. In Downer v. Church, 44 N. Y. 651, the court says:

"The provision of the will, as stated in the case, is that the property is devised to Loren Church, subject to the support and maintenance of the widow. This language does not create a trust. It creates an incumbrance. The title to the property devised is vested in Church, charged with the support of the widow, as an incumbrance. There is no difficulty in his conveying such title as he has. The plaintiff takes it subject to the charge contained in the instrument creating the title in the defendant."

That language applies exactly to this case. See, also, 2 Pom. Eq. Jur. § 1033, note, and Buchanan v. Little, 154 N. Y. 147, 47 N. E. 970, and Gott v. Cook, 7 Paige, 535.

According to the principle of the last two cited cases, the present worth of an annuity of $560 to a woman of the age of Margaret K. Cox could be ascertained, and such present value, deducted from the entire fund, would give the amount of his interest above the incumbrance at any given time. That interest has at all times been greater than the amount of the loans made by the plaintiff. There is no proof that the annuity was not always paid, but, on the contrary, the inference from facts shown is that it was paid. My conclusion, therefore, is that, there being no trust to execute, the defendant the Nassau Trust Company has no standing, and also that, under the circumstances stated, the lien of the plaintiff is superior to the claims of other and unsecured creditors represented by Isabella Love, as administratrix of the assets of John Swan, and likewise to the claims of the other defendants.

Judgment for plaintiff, with costs.