value he saw fit as compensation for services rendered. Matter of Todd, 47 Misc. Rep. 35, 95 N. Y. Supp. 211.

While in this case the services rendered seem to a stranger to be exceedingly slight and of little pecuniary value, yet we have no means of measuring their value to the deceased, except by her own standard. She attempted to pay for such services as were rendered, at her own price. The evidence of her purpose does not come from the claimants, but from her own lawyer and her executor, the latter of whom is one of her residuary legatees; and such evidence is trustworthy and undisputed. No sufficient defense has been established, and the notes are therefore allowed.

Decreed accordingly.

---

(48 Misc. Rep. 489)

### In re DAVIS' ESTATE.

(Surrogate's Court, Saratoga County. November, 1905.)

EXECUTORS AND ADMINISTRATORS — LETTERS OF ADMINISTRATION — PARTIES ENTITLED.

Under Code Civ. Proc. § 2643, determining the priority of right to letters of administration, the right of those in one of the classes enumerated over those in a subsequent class is absolute; but the preferences among those belonging to the same class are controlling only when other things are equal, and one more remote in the same class will be preferred where those asking for his appointment represent an equal interest in the estate, and he will be appointed where the estate is involved in litigation and the other claimant nearer of kin is a married woman, whose personal interest might conflict with her duty as representative of the estate.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 43–56.]

In the matter of the estate of Jane Davis. Application for the appointment of an administrator with the will annexed. Appointment ordered.

See 93 N. Y. Supp. 1004.

Halstead H. Frost (Edgar T. Brackett, of counsel), for Samuel D. French, George W. French, William G. French, and Edward C. French.

William B. Lee, for Mary Gardiner Stone.

Herbert J. Menzie and William B. Lee, for Emma Belle Davis, general guardian of Mara Belle Davis and Samuel Davis, infants.

William N. Cogswell, for Hiram Camp Davis and Sarah Louise Davis.

LESTER, S. By the will of Jane Davis, deceased, which was admitted to probate on the ninth of December, 1904, all of her property was devised and bequeathed to her sister, Delia Davis, and Delia was named as the sole executrix. Delia died before Jane, and the property of the latter, therefore, passed, by operation of law, upon her death, to her next of kin. Mary G. Stone, the only surviving niece of the testatrix, and George W. French, her grandnephew, have both applied for letters of administration with the will annexed.

These applicants both belong to the third class of those entitled to letters of administration with the will annexed as prescribed by section 2643 of the Code of Civil Procedure. Mrs. Stone is nearer of kin to the deceased and has a larger interest in her estate and, for that reason, claims to be entitled to receive letters to the exclusion of Mr. French, and her counsel have urged her rights upon me with great ability and earnestness. I am confronted with many authorities to establish the proposition that the applicant having the larger interest and being nearer of kin to the testatrix, should be preferred.

All these authorities, however, exhibit and illustrate the difference between a preference among those who belong to the same class, and the statutory preference of those belonging to one class over those belonging to another. The latter preference is an absolute one and no other facts can be taken into consideration in awarding administration; while a ground of preference among those comprehended in the same class is not absolute, but is usually expressed with the qualification "other things being equal." Nearness of relationship and consequent preponderance of interest are the most obvious and common considerations in deciding between rival applicants belonging in the same class; and these considerations seem to be as applicable to cases of administration with the will annexed as to cases of intestacy. Matter of Hawley's Estate, 37 Misc. Rep. 667, 76 N. Y. Supp. 461, illustrates this. But nearness of relationship and preponderance of interest are not necessarily controlling in the selection of an administrator among rival claimants, unless other things are equal; and there may be considerations which would justly move the court to award letters to one of remoter consanguinity and lesser interest.

Several reasons are urged upon me by counsel why I ought to appoint George W. French instead of Mrs. Stone. He and his brothers claim, collectively, to represent an interest in the estate as great as that of Mrs. Stone, and they refer me to the language of Surrogate Bradford in Peters v. Public Administrator, 1 Bradf. Sur. 200–207, to the effect that:

"Where there is no material objection on the one hand, or reasons for preference on the other, the Court puts the administration into the hands of that person amongst those of the same degree of kindred, with whom the majority of parties interested are desirous of entrusting the estate."

I am also asked to note the language of Surrogate Rollins in the case of Quintard v. Morgan, 4 Dem. Sur. 168–173, where he says:

"It is nevertheless true that her [Mrs. Quintard's] application is favored by a much larger interest than the interest which has declared itself on the side of Mr. W. H. Morgan."

These expressions seem to indicate an opinion that the common desire of several individuals, whose interests together amount to as much as the interest of one expressing a contrary desire, ought to receive as much consideration. When, therefore, four grand-nephews, together representing one-fourth of the estate of the testa-

trix, ask for the appointment of one of their number, George W. French, it is urged upon me, and not without an appearance of reason, that I should accord as much force to their request as to the request of Mrs. Stone, who represents an equal interest and asks that letters be issued to her.

The counsel for Mr. French also press upon me the following reasons why I should appoint him in preference to Mrs. Stone: In the first place, they urge that he is a man, and, therefore, likely to be better fitted to perform the duties connected with the administration of the estate. The statute recognizes the generally superior fitness of men for such positions by giving them a preference where several persons of the same degree of kindred to an intestate claim to be entitled to administration, and, in the same connection, preference is given to unmarried women over those who are married. This latter ground of preference does not rest upon caprice, but is founded upon reasons which Judge Finch, in Matter of Curser, 89 N. Y. 401–404, says it is not difficult to discover, and one of which he mentions in the following language:

"The possible influence of the husband over the wife in respect to administration, and his interference through that influence, would be apt occasionally to provoke difficulty and hostility on the part of the actual relatives, viewing his suggestions or demands as the meddling of a stranger in blood."

Then, too, it is said that Mrs. Stone is somewhat advanced in years and does not seem to have business experience adequate for the management of a large estate. I am referred to her examination taken before me as indicating that she does not possess those business qualifications which are almost necessary for the proper administration of so large an estate, and one which now seems to be, to some extent, involved in litigation and likely to call upon an administrator, in an unusual degree, for the exercise of sound judgment and business experience. This latter consideration, I must say, seems to me not without force. It detracts nothing from the estimation in which Mrs. Stone should be held, to say that it was evident to me from her examination that she, like most women whose careers have been pursued in the administration of their domestic affairs, and within the environment of the family circle, is hardly fitted to judge of the exigencies of litigation over a great property, carried on in a distant state; nor of the measures that ought to be taken for the conservation of the interests of those who are concerned in this estate. That is a man's task, and the task of a man acquainted with business affairs and of one whose judgment has been matured by the stress and conflict of life.

It is further urged upon me that Mrs. Stone, by reason of her having acted as administratrix of the estate of Delia Davis and settled that estate, in which Jane Davis alone was interested, at a time when the latter was incompetent, is still accountable to the representatives of the estate of Jane Davis, about to be appointed, for her administration of Delia's estate; and that the fact that, for some time prior

to the death of Jane, Mrs. Stone acted as her agent and attorney, took care of her business, and administered her affairs, while she was incompetent, renders it improper for her now to be appointed the administratrix of Jane's estate. It seems to me that this objection is well founded, and that to place her in the position of administratrix would be to place one in a position of trust whose private interests may be in hostility to her duties as trustee. It is not necessary for me to hold that there has, in fact, been anything irregular or improper in Mrs. Stone's administration of the estate of Delia Davis, or that she has been, in any way, unfaithful in her stewardship while acting as agent or attorney for Jane. The other persons who are interested in the latter's estate have the right to require, however, that her acts in each one of these capacities should be scrutinized. Such scrutiny must be made by the administrator of Jane Davis' estate. If she were appointed such administratrix it would be her duty to scrutinize and pass judgment upon her own previous acts.

For these reasons I think that I ought not to appoint Mrs. Stone administratrix, but that I ought to select Mr. George W. French, who seems to be competent to perform the duties that belong to the office, and whose appointment is requested by those who represent a share in the estate equal to that of Mrs. Stone. Let a decree be entered accordingly.

Decreed accordingly.