## In the Matter of the Estate of THOMAS EGGSWARE, Deceased.

Surrogate's Court, Clinton County, July 24, 1924.

Executors and administrators — will does not create trust — property vested in heirs at law subject to life estate — administrator with will annexed and not substitute trustee should be appointed — appointment of administrator with will annexed may not be refused on ground that petitioner is connected with pending action for partition — surrogate in absence of agreement between parties has no discretion to appoint third person as administrator with will annexed in preference to those given prior right by statute — appointment given to person requested by majority of heirs and next of kin representing largest share of estate.

Where a will does not create a trust and the title to the property devised is vested in the heirs at law subject to a life estate the appointment of a substitute trustee is improper; an administrator with the will annexed should be appointed.

A surrogate has no discretion to exclude a person entitled to priority of appointment as administrator with the will annexed under section 133 of the Surrogate's Court Act unless by reason of one of the grounds of incompetency specified in section 94 of the act.

Accordingly, the surrogate has no discretion to refuse to appoint the petitioner because of her connection with a pending action for partition.

Where there is an apparent hostility between petitioners for appointment as administrator with the will annexed and the parties have been unable to agree as to an appointment it is not within the surrogate's discretion to appoint a third person in preference to those who are given a prior right by statute.

Under such circumstances the appointment will be given to the petitioner requested by a majority of the heirs at law and next of kin who represent the largest share of the estate.

APPLICATION for the appointment of an administrator with the will annexed.

*Ernest C. Gordon,* for Julia Robare.

*Wallace E. Pierce,* for Ernest Eggsware and Libbie Labarge.

HARRINGTON, S. Thomas Eggsware died on April 13, 1918, leaving a last will and testament, dated November 24, 1915, which was duly admitted to probate by this court on October 21, 1918. The inventory filed on November 25, 1918, shows that the appraised value of the personalty was $5,411.78, and that of the realty was $6,500. The provisions of the will were contained in one paragraph, as follows:

"*First.* After all my lawful debts are paid and discharged, I give and bequeath to each of my daughters, Emma, Kate, Agnus, Libbie, Anna & Julia their heirs or assigns the sum of ten dollars ($10.00). To my son Ernest and his family a home and the neces-

Misc. 548]        Surrogate's Court, Clinton County, July, 1924.

saries of life during his life time.  Lastly, I give and devise all my real and personal estate of every name and nature whatsoever to my wife Angeline to be used and enjoyed by her during the term of her natural life provided she remains my widow but if she shall die or marry I give and devise the same to my children mentioned above their heirs and assigns forever."

Angeline Eggsware, the wife of the deceased, was appointed sole executrix of the will.  Said executrix died May 19, 1924.  On May 28, 1924, Julia Robare, one of the daughters of Thomas Eggsware, deceased, filed a petition asking for the appointment of the Plattsburg National Bank and Trust Company as substitute trustee under the will of Thomas Eggsware, deceased, stating that all parties interested had previously agreed that on the death of Angeline Eggsware such an appointment should be made.  On the return day of the citation in the matter, objections to such appointment were duly filed by Libbie Labarge and Ernest Eggsware, children of Thomas Eggsware, deceased, in which it was alleged that it was unnecessary for the appointment of any trustee; that in any event the nature of the property was such that the Plattsburg National Bank and Trust Company was not the proper party to manage and control said estate; that Ernest Eggsware renounced his claim to letters of administration with the will annexed.  Said objectors then requested the appointment of Amy Carter, the eldest daughter of Thomas Eggsware, deceased, as administrator with the will annexed or as substitue trustee in case such appointment was deemed necessary.  It appears that Amy Carter is the same person as is mentioned in the will of Thomas Eggsware, deceased, as "Emma."  On July fourteenth Julia Robare filed objections to the appointment of said Amy Carter as administrator with the will annexed or as substitute trustee under the will of Thomas Eggsware, deceased, and requested her own appointment as such administrator or as substitute trustee, in case such latter appointment was deemed necessary.  Any notice required in the matter was duly waived by the attorneys for the respective parties and a hearing on both applications was held on July fourteenth.

As the method of appointing an administrator with the will annexed and a substitute trustee are governed by different statutory provisions, it is first necessary to determine which of the two appointments should be made.  Section 133 of the Surrogate's Court Act provides for the appointment of an administrator with the will annexed, while section 168 of said act provides for the appointment of a successor trustee.  Under the former section, an order of priority is established in regard to those who are entitled

to such letters. Under the latter section, no such order of priority is established, and while the surrogate may, and usually does, consider the wishes of the parties to the proceedings, the person to be appointed is in the discretion of the surrogate, and he is not bound to appoint a petitioner. 39 Cyc. 283; *Powers* v. *Powers,* 189 App. Div. 112, 115 (1919); *Matter of Gunther,* 197 App. Div. 28, 39 (1921).

The appointment of an administrator with the will annexed would seem to be the proper appointment. The language of the will of Thomas Eggsware, deceased, does not create a trust; it creates an incumbrance. The title to the property devised is vested in his heirs at law, as mentioned in said will, subject only, now that Angeline Eggsware is dead, to the incumbrance mentioned therein, to wit: " To my son Ernest and his family a home and the necessaries of life during his life time." There is, therefore, no trust to execute, and the appointment of a substitute trustee would be improper. Real Prop. Law, §§ 96, 97; *Downer* v. *Church,* 44 N. Y. 647 (1871); *Market & Fulton N. Bank* v. *Nassau Trust Co.,* 27 Misc. Rep. 690 (1899).

By section 133 of the Surrogate's Court Act residuary legatees are given priority over all others in the matter of the appointment of an administrator with the will annexed. When rival claimants to such letters are in the same class, then it is provided by said section that the further order of priority, as provided by section 118 of the Surrogate's Court Act, shall apply. In the case at bar Julia Robare and Amy Carter are in the same class, both being daughters of Thomas Eggsware, deceased, and neither has priority over the other in the matter of the appointment of an administrator with the will annexed of said deceased. In such a case the appointment is in the discretion of the surrogate. *Peters* v. *Public Administrator,* 1 Bradf. 200, 207 (1850); *Quintard* v. *Morgan,* 4 Dem. 168 (1885); *Matter of Beakes,* 5 id. 128 (1886); *Matter of Powell,* Id. 281 (1886); *Matter of Davis,* 48 Misc. Rep. 489. (1905).

It is the contention of Julia Robare that she should receive the appointment because, as she alleges, she is the only one of the heirs at law and next of kin of the deceased who desires to carry out the intent of the deceased as expressed in his will; that said Amy Carter and the other heirs at law and next of kin of the deceased are now seeking to have a distribution of the personal property of the deceased, and to this end have had Ernest Eggsware and his wife file in this court a renunciation of their right to a home and the necessaries of life during his lifetime, as provided for in the will of the deceased; that the said heirs at law and next of kin are further endeavoring to obtain a distribution of the real property of said

deceased, and to this end have had Libbie Labarge, one of the heirs at law of the deceased, commence a partition action in the Supreme Court for the partition of the real property of the deceased; that Amy Carter is in fact one of the parties to both of these proceedings.

Assuming that Amy Carter is one of the interested parties in the above-mentioned proceedings, still this does not disqualify her from the appointment herein requested. It is well settled that a surrogate has no discretion to exclude a person entitled to priority of appointment as administrator under section 118 of the Surrogate's Court Act, unless by reason of one of the grounds of incompetency specified in section 94 of the Surrogate's Court Act. *Coope* v. *Lowerre*, 1 Barb. Ch. 45 (1845); *O'Brien* v. *Neubert*, 3 Dem. 156 (1884); *Matter of Wilson*, 92 Hun, 318, 322 (1895); *Matter of Campbell*, 123 App. Div. 212, 216 (1908); affd., 192 N. Y. 312, 316; *Matter of McOwen*, 114 Misc. Rep. 151, 155 (1921). It has also been held that the same rule applies in regard to the appointment of an administrator with the will annexed under section 133 of the Surrogate's Court Act. *Matter of Manley*, 12 Misc. Rep. 472, 473 (1895). See, also, *Hayward* v. *Place*, 4 Dem. 487 (1886); affd., 105 N. Y. 629.

On the other hand, it is the contention of Libbie Labarge and Ernest Eggsware, who request the appointment of Amy Carter, that they represent a majority of the heirs at law and next of kin in making said application, and that the joint interests of these several parties in the estate of the deceased is far greater than that of Julia Robare. This has not been denied. Under such conditions, where neither petitioner has a prior right over the other in the matter of the appointment, it has been customary for the surrogate in his discretion to issue letters to the one who represented a majority of the interested parties and a major interest of the property of the estate. See *Peters* v. *Public Administrator; Quintard* v. *Morgan; Matter of Beakes; Matter of Powell*, and *Matter of Davis, supra*.

Hence, to refuse to appoint Amy Carter because of her connection with the pending litigation in this estate, as alleged by Julia Robare, would be to set up in fact a disqualification which does not exist under the statute. Surr. Ct. Act, § 94. To do so, I believe, would be an arbitrary use of the surrogate's discretion in the matter, and, therefore, improper.

In view of the apparent hostility which exists between these rival petitioners, in regard to the matters in connection with this estate, it is manifest that the appointment of either Julia Robare or Amy Carter will be to place the appointee in a position of trust where her private interests may be in hostility to her duties as administratrix with the will annexed. For this reason it would

seem best for all parties concerned that neither Julia Robare or Amy Carter be so appointed, but that letters issue to some suitable, disinterested person. It seems that the parties have been unable to agree to such an appointment. In such case, it is not within the surrogate's discretion to appoint such a third person in preference to those who are given a prior right to the appointment by statute. Such a discretion exists only in the matter of the appointment of a temporary administrator or a substitute trustee.

Both Julia Robare and Amy Carter are qualified for the appointment, as no statutory objection has been presented against either one. Both are residents of the town where the property is located. There is no evidence that one is more qualified than the other to supervise the management of the property of the estate. As the appointment must be given to one of them, and as the appointment of Amy Carter has been requested by a majority of the heirs at law and next of kin, who in turn represent the largest share of the estate, I believe the appointment should be given to her. I, therefore, grant the application of Libbie Labarge and Ernest Eggsware for the appointment of Amy Carter, and deny the application of Julia Robare. Letters of administration with the will annexed may, therefore, issue to Amy Carter on the filing of a bond to be approved by this court.

Decreed accordingly.