In the Matter of the Estate of JACOB FAGIN, Deceased.

Surrogate's Court, Kings County, May 20, 1935.

*Philip Hodes*, for the petitioner.

*Bennett E. Siegelstein*, for the objectants.

*A. Lionel Levy*, special guardian.

WINGATE, S. The testator was survived by a father, a brother and a sister residing in Brooklyn and by a brother and three sisters residing in Russia. By testator's will, the father is declared the beneficiary for life of a trust of all of the testator's " worldly possessions whatsoever," substantial legacies are provided for the brother and sisters in Russia, and the sum of one dollar is given to the brother and to the sister in Brooklyn. Another brother of the testator, Theodore, who was named as executor in the will, and given the " rest residue and remainder " of the estate, predeceased the testator, dying intestate, and leaving him surviving a widow and two infant children. Letters of administration upon Theodore's estate were granted his widow, who now petitions for letters of administration with the will annexed in the present estate, asserting that she has a right thereto in priority to all others as the administratrix of the sole residuary legatee herein. (Surr. Ct. Act, § 133, subd. 1.)

Objection is raised by the father and the resident brother and sister, who ask that letters be issued jointly to them, or to such of them as the surrogate may select.

The order of the priority of right to letters of administration with the will annexed as defined in section 133 of the Surrogate's Court Act is based upon interest in the estate, and in the administration thereof. That one " who has the interest in the estate which most needs protection from waste, extravagance, and incompetency shall be first entitled to control and manage such estate, and, therefore, the residuary legatee is given the prior right to administer." (*Matter of Goggin*, 43 Misc. 233, at p. 234.) (See, also, *Matter of Lasak*, 30 N. Y. St. Repr. 356; affd., without opinion, 121 N. Y. 706.) Thereafter lesser degrees of interest are classified and priority correspondingly accorded. The brother Theodore, having predeceased the testator, never was a " person interested " in the present estate, nor did any interest therein devolve upon his administratrix upon her appointment. Petitioner, as the administratrix of her deceased husband, is a stranger to the present estate, and not entitled to the administration thereof. She has no interest therein. It is not enough that one be named as a residuary legatee to entitle his administratrix to letters under this section — in addition thereto, he must be entitled to take as such legatee.

The bequest to Theodore was not the subject of a lapse, as that term is technically defined. By virtue of the provisions of sec-

tion 29 of the Decedent Estate Law, upon the death of the testator the title to the property given to Theodore under the will, and which would have been his had he survived, vested in Theodore's surviving minor children in like manner as though he " had survived the testator and had died intestate." The children, through the operation of this section, take directly from the estate of the present testator, and not through or from the estate of their father, the predeceased beneficiary under the present will. (*Tuttle* v. *Tuttle*, 2 Dem. 48.) They become as legatees by force of statutory enactment. The interest of such statutory legatees in the estate, and in protecting it from " waste, extravagance, and incompetency " differs not one iota from that which would have been theirs had they been entitled in this estate as legatees named expressly in the testamentary instrument; their rights, if any, to letters of administration with the will annexed are the same.

Letters may not issue to the father, as he is not a residuary legatee within the intent of section 133 of the Surrogate's Court Act (*Matter of Drowne*, 1 Conn. 163; 18 N. Y. St. Repr. 981; *Matter of Ferguson*, 41 Misc. 465; *Matter of Bergmann*, N. Y. L. J. Dec. 27, 1934, p. 2586); the sisters and the brother in Russia are disqualified (Surr. Ct. Act, § 94); the brother and sister in Brooklyn are interested in the estate to the extent of one dollar each. Letters will, therefore, issue upon qualification and appointment to the general guardian of the infant children of the predeceased brother, Theodore Fagin. If no petition for the appointment of such guardian shall be made within ten days from the date hereof, an application therefor may be presented by the present special guardian.

Proceed accordingly.