In the Matter of the Estate of STEPHEN BAUMES, Deceased.

Surrogate's Court, Albany County, October 1, 1936.

*Newton B. Van Derzee,* for the petitioner.

*Bender, Ford, Benson & Comstock* for the respondent.

ROGAN, S. This is an application under section 133 of the Surrogate's Court Act for the appointment of an administrator with the will annexed of the estate of deceased.

The petitioner, Kathryn A. Obersheimer, is the executrix named in the last will and testament of Palmer Hall Baumes, a son of decedent and one of the residuary legatees named herein. Objection to the appointment of petitioner is made by William Baumes, the administrator of the estate of Jacob Bradford Baumes, another son of decedent and a residuary legatee of his estate.

The petitioner is the widow of Palmer Hall Baumes, while the respondent, William Baumes, is the grandson of decedent. He claims preference to an appointment by reason of the fact that he is

a blood relation, and maintains that the provisions of section 118 of the Surrogate's Court Act give him such priority.

It is provided in section 133 of the Surrogate's Court Act, with certain exceptions, that the executor or administrator of one of the residuary legatees be given priority over all others in the matter of the appointment of an administrator with the will annexed. In the case at bar both petitioner and respondent are in the same class, both being representatives of deceased residuary legatees, and neither has priority over the other in so far as the appointment of an administrator with the will annexed is concerned.

It is argued that because both petitioner and respondent are in the same class, the provisions of section 118 of the Surrogate's Court Act shall apply, and that the surrogate has no discretion in the matter of appointment. I am persuaded that this is a correct view of the situation now before me, and resort must be had to the provisions of section 118 of the Surrogate's Court Act to determine to whom letters shall issue. (*Matter of Eggsware*, 123 Misc. 548.)

Section 118 of the Surrogate's Court Act reads as follows:

" § 118. Who entitled to letters of administration. Administration in case of intestacy must be granted to the persons entitled to take or share in the personal property, who are competent and will accept the same, in the following order:

" 1. To the surviving husband or wife.

" 2. To the children.

" 3. *To the grandchildren.*

" 4. To the father or mother.

" 5. To the brothers or sisters.

" 6. To any other next of kin entitled to share in the distribution of the estate, preference being given to the person entitled to take the largest share in the estate, except as hereinafter provided. * * * If several persons have an equal right to administration, there shall be no preference on account of sex, but that person must be appointed, who will, in the judgment of the surrogate, best manage the estate of the intestate. *Relatives of the whole blood must be preferred to those of the half blood.*" (Italics mine.)

In view of the fact that William Baumes is the grandson of decedent, a resident of Albany county, and because no statutory objection has been urged against him, I grant the application that he be appointed, and deny the application of petitioner.

Letters of administration with the will annexed may issue to William Baumes upon his filing a bond to be approved by the court.