In the Matter of the Estate of LAURA H. THOMPSON, Deceased.

Surrogate's Court, New York County, February 17, 1938.

*Harry Loeb Mostow* and *Ephraim Byk* for Henrietta C. Ubelhor, petitioner.

*Nathan Weidenbaum* for Irene E. McCann and another, remaindermen, respondents.

Foley, S.   Reargument has been granted and briefs submitted by counsel upon the correctness of the decision heretofore rendered in the application for letters of administration with the will annexed.   (N. Y. L. J., Jan. 28, 1938, p. 464, col. 4.) No reason, however, has been advanced for modifying such prior decision.   I therein directed that Henrietta C. Ubelhor and Irene Erick McCann should be appointed joint administratrices *c. t. a.*   Each of them is a contingent remainderman of the residuary trust.   The will presents the simplest form of a contingent remainder with vesting postponed both in title and possession until the date of the death of the life tenant.   The testatrix specifically fixed that date as the determining time for the identification and ascertainment of the persons entitled to take the remainder.   (*Matter of Buechner*, 226 N. Y. 440.)

Section 133 of the Surrogate's Court Act establishes the order of priority in its various subdivisions for the appointment of an administrator *c. t. a.* The first subdivision pertains to a will which designates a sole legatee or sole devisee or a sole residuary legatee or devisee and provides for the appointment of the executor and administrator of such deceased legatee or devisee. The second subdivision is applicable here. Discretion under it is vested in the Surrogate to appoint one or more of the residuary legatees qualified to act. That discretion was exercised by the Surrogate in the pending case by the selection of two of such persons.

The third subdivision of the section provides next in priority for the selection of a " principal or specified " legatee. The fourth subdivision permits, in the absence of a residuary legatee or principal or specified legatee, or where none will accept, the appointment of the husband or wife, or one or more of the next of kin of the testator. Provision is also made therein for the selection of a guardian of an infant or the committee of an incompetent person mentioned within subdivision 4. Subdivision 5 authorizes the designation by the Surrogate, in the absence of the qualification of any of the persons within the groups mentioned in the prior subdivisions, of the Public Administrator or the County Treasurer or a creditor or other competent person. Finally the section contains a concluding sentence which provides: " Except as to the right of priority as provided in this section, the provisions of section one hundred and eighteen of this act apply to an application for letters of administration with the will annexed."

Counsel for the moving party who seeks a change in my original decision contends that this concluding sentence modifies the priority granted by every one of the subdivisions of section 133. Specifically he argues that his client is a relation of the whole blood and that the coadministratrix *c. t. a.*, appointed by the Surrogate is of the half blood and therefore the mandatory priority of section 118 must be applied and the relative of the half blood excluded from consideration. That contention is overruled.

The terms of section 133 are clear and explicit and the legislative intent easily observable. The order of eligibility is to be taken in the numerical order of the subdivisions. Neither subdivision 1, 2 or 3 is in any way affected by the provisions of section 118. The class of appointees in these first three subdivisions are beneficiaries named in the will or the legal representatives of deceased beneficiaries. Relationship to the

testator has no place as a test of the priority of their selection. The testator may have selected as a residuary or " principal or specified " legatee, as mentioned in the section, a stranger to his blood, or a charitable corporation along with a blood relation within the same class of beneficiaries. The statute imposes in such a case no requirement that the blood relation must be appointed by the court. The concluding sentence of section 133 and its direction that section 118 shall apply only affects the persons mentioned in subdivision 4, " to the husband, or wife, or to one or more of the next of kin ". Such persons may be appointed only where there is a default or absence of legatees or other beneficiaries named in the will who are willing to act. The opening words of the concluding sentence, " Except as to the right of priority as provided in this section ", sustain this interpretation of the legislative intent. When the appointment of a husband or wife or next of kin was to be considered, the rules applicable as to the priority in ordinary administration should necessarily apply to administration *c. t. a.*, and a mandatory order of priority as to next of kin and distributees was imposed upon the court.

The Surrogate, therefore, is unable to agree with the reasoning and conclusion of the learned Surrogate in *Matter of Baumes* (160 Misc. 563) where a contrary determination was made. *Matter of Eggsware* (123 Misc. 548) did not involve the point presented here and has no application. The original direction of the Surrogate must stand unchanged.

Submit order on notice accordingly.