## In the Matter of the Estate of James Defino, Deceased.

Surrogate's Court, New York County, December 20, 1945.

*Sidney Meyers* for Edith B. Defino, petitioner.

*Chauncey S. Olman* for Lorenzo Fuccella, as administrator of the estate of Palmino D. Fuccella, deceased, cross petitioner.

DELEHANTY, S. Deceased's will named his daughter as executrix. She offered his will for probate and while the proceeding was pending died. Her husband has been named her administrator. The will of deceased has been admitted to probate. The eighth clause of the will gives the residuary in equal shares to the daughter who was named as executrix and to a person described as deceased's " common-law wife, Edith Betts ".

The last-named petitions for letters of administration with the will annexed. She asserts a status as surviving spouse. An answer to that petition was interposed by the administrator of deceased's daughter and he filed a cross petition in which he asks for letters of administration with the will annexed. In his cross petition he asserts that petitioner is the surviving spouse of deceased. The original petitioner claims priority because of the provisions of section 118 of Surrogate's Court Act. The cross petitioner claims priority because of the larger benefit under the will provided for deceased's daughter. She is a general legatee under the will as well as a residuary legatee.

The court holds that neither petitioner nor cross petitioner has a preferred position. Each is on a parity with the other. The provisions of section 133 of the Surrogate's Court Act are controlling. The test of right is the status of the claimant. If he is a residuary legatee he is entitled to appointment at least on a parity with persons in like situation. The paragraph of sec-

tion 133 which refers to section 118 of the Surrogate's Court Act does not affect the relative rights of two persons who because of their common status as residuary legatees are entitled to seek letters. The decision in *Matter of Baumes* (160 Misc. 563) is not followed in this county. The contrary is the rule here (*Matter of Thompson*, 186 Misc. 528). The case of *Matter of Hubbs* (284 N. Y. 776) is not applicable. There the record on appeal shows that the controversy was between a person who had the right to the erection of a fund out of the residuary and a person who was interested in the remainder. The appellate courts held that the latter was entitled solely to letters. Obviously that ruling was made on the finding that this person was alone the true residuary legatee.

Here the parties are on a parity of right with each other. The administrator of the deceased executrix asks preferment because his estate is entitled to a larger share in the total funds of deceased. That fact does not support his claim for preference. It is only the residuary legatees who are given consideration and the consideration is extended to them so that they may have control of the estate assets in the effort to obtain the maximum value in their residuary interests. As to those interests, petitioner and cross petitioner are on an equality. They should have equal status in the administration of the estate and accordingly letters of administration with the will annexed will be issued to both of them.

Submit, on notice, decree accordingly.

The amount of the bond will be fixed on the coming in of the decree.