Moss, S.
This is an application for letters of administration c. t. a. The testator died on February 17, 1943. His sole legatee-executrix, Ms widow, Frieda Bader, died testate on March 2, 1946. Under her will she bequeathed her residuary estate to her sister, Madalene 0 ’Neill, and nominated her as one of her executrices. Madalene O’Neill died intestate on June 12, 1953, and the public administrator was appointed her administrator.
The instant application is made by the surviving coexecutrix of Frieda Bader, who requests the appointment of the public admiMstrator. The latter has executed his oath of office and consent designating the clerk of tMs court pursuant to section 95 of the Surrogate’s Court Act. The right of the fiduciary of the deceased sole beneficiary to so designate a stranger is questioned as it is not expressly authorized under the provisions of section 133 of the Surrogate’s Court Act. That section does however provide that “ Except as modified by this section, the provisions *633 of sections ninety-four and one hundred eighteen of this act apply to an application for letters of administration with the will annexed.”
Section 133 of the Surrogate’s Court Act differs from section 118 of the same act, insofar as it prescribes a different class of persons entitled to priority of letters. It does not however except the issuance of letters jointly to one entitled and his designee, or to one not entitled upon the consent of all persons entitled to take in the estate, as provided by section 118. That which is not embraced within the exception must be deemed within the scope of the general rule (Strauch v. Town of Oyster Bay, 263 App. Div. 833; Matter of Charles, 200 Misc. 452, 461 and cases cited).
Section 118 of the Surrogate’s Court Act, provides that “ Administration may be granted * * * to a competent person * * * not entitled, upon the consent of all the persons entitled to take or share in the estate whether within or without this state and competent, which consent must be in writing, and filed in the office of the surrogate ”. The sole beneficiary of this estate is Frieda Bader’s estate whose surviving representative has filed a verified written petition for letters of administration c. t. a. herein designating the public administrator as the person to whom letters should issue. Said petition containing such designation is deemed the equivalent of the “ consent * * * in writing, and filed in the office of the surrogate ” required by section 118, and entitles the public administrator to letters (cf. Steele v. Leopold, 135 App. Div. 247, 252, mod. on other grounds, 201 N. Y. 518).
There appears to be no rule of law which compels a fiduciary to procure in his individual capacity letters of administration c. t. a. in an estate in which his deceased is a beneficiary. If however he failed to qualify for such letters, he might subject himself to a possible charge of negligence. The situation here negatives such a charge since the public administrator is also the administrator of the estate of Madalene O’Neill, whose estate will ultimately be entitled to any assests which may be realized in this estate. In this respect, it is alleged that all of the debts, expenses and general legacies in the Frieda Bader’s estate have been paid. Moreover, if Frieda Bader’s representative had not petitioned for letters, the public administrator could have petitioned for them, upon notice to Frieda Bader’s representative, and letters would issue to him as of right under the provisions of subdivisions 3 and 4 of section 133. The procedure followed here satisfies the statute and accomplishes the results desired by the interested parties. Letters of administration c. t. a. will accordingly issue to the public administrator. Proceed accordingly.