Samuel Faile, S.
In this proceeding requesting the appointment of petitioner as administrator c. t. a., the answer filed requests the appointment of either of two respondents as coadministrators c. t. a. Petitioner, who is also attorney for himself as petitioner, is an income beneficiary of one of 17 residuary trusts, as well as a specific legatee and a named cotrustee.
By the will the residuary estate is given to trustees with directions to set aside amounts to provide income for life for each of three named employees based upon the salary and the number of years of service of such employee. Provision is then made for division of the balance of the residue into 14 equal shares, the income from which is payable to each of 14 named beneficiaries. Upon the death of each beneficiary, the principal of such share and any accrued income is to be paid to the Maud Grlover Folsom Foundation, a corporation to be organized by the trustees for educational purposes and to be governed by a board of three directors as a self-perpetuating body.
Petitioner claims to be entitled to appointment as sole administrator c. t. a., as a matter of right, or if not so entitled, contends that any discretion should be exercised in favor of his appointment as sole administrator c. t. a. as the choice of a majority of the income beneficiaries of said trust. Petitioner also contends that income beneficiaries of residuary trusts are not “ residuary beneficiaries ” within the intendment of subdivision 2 of section 133 of the Surrogate’s Court Act, and requests that if the court determines to appoint two administrators c. t. a., a named cotrustee of the residuary trusts be selected as coadministrator c. t. a. with petitioner.
Two of the 11 income beneficiaries represented by petitioner are stated to be not related to petitioner. The appointment of petitioner as sole administrator c. t. a. is opposed by five of the income beneficiaries of such trusts, one of whom is related to petitioner, and the administrator c. t. a. of a deceased income beneficiary.
*77 Under subdivision 2 of section 133 of the Surrogate’s Court Act, the Surrogate is expressly authorized to issue letters of administration with the will annexed “ To one or more of the residuary beneficiaries or, if any be dead, to his executor or administrator; (Emphasis added.)
Section 133 was amended by chapter 350 of the Laws of 1952 upon the recommendation of the New York Surrogates’ Association. The revision note states as follows: ‘ ‘ Its purpose is to clarify the text in many aspects and to provide generally that letters are to issue in priority to those whose own interests in the estate would be served by a careful and economical overall administration of the estate assets. Those provisions of the existing text are eliminated which would grant to persons having legacies of nominal value priority over those having greater actual interests in the estate. The discretion of the surrogate is somewhat broadened in his selection of an administrator c. t. a.”
With respect to subdivision 2, the clarification relates to the substitution of the words “ residuary beneficiaries ” for the phrase “ residuary legatees ”. By such subdivision, residuary beneficiaries are placed on a parity with each other in their right to appointment as administrators c. t. a. The contention that income beneficiaries of residuary trusts are not “ residuary beneficiaries ” within the meaning of subdivision 2 of section 133 of the Surrogate’s Court Act, is overruled and dismissed. Even before the amendment of 1952, beneficiaries of a residuary trust were regarded as residuary legatees within the meaning of the statute. (Matter of Roux, 5 Dem. 523.) The phrase “ residuary beneficiaries ” is sufficiently broad to include any person entitled to benefit in the residuary estate. The holdings in Matter of Fagin (155 Misc. 533), and the cases therein cited, are inapplicable as these decisions were rendered prior to the amendment of 1952. The court accordingly determines that the income beneficiaries of the residuary trusts are “ residuary beneficiaries ” within the intendment of subdivision 2 of section 133 of the Surrogate’s Court Act.
By subdivision 2 of such section the Surrogate is expressly empowered to issue letters of administration c. t. a. to one or more of the residuary beneficiaries, or if any be dead, to his executor or administrator. In several instances the Surrogates have exercised this discretion in favor of appointing two administrators c. t. a. (Matter of Thompson, 186 Misc. 528; Matter of Defino, 186 Misc. 531). Here the group of income beneficiaries suggesting the appointment of petitioner are, in the main, persons related to the petitioner and include his wife, his *78 daughter, and his son. The group of residuary, beneficiaries requesting the appointment of a coadministrator c. t. a. are mainly former employees or business associates of decedent.
The petitioner has consented to accept as his commissions an amount equal to one full commission after deducting the commissions awarded to the estate of the deceased executrix. In behalf of the persons from whom the coadministrator is requested to be selected, it is asserted that any coadministrator so appointed shall receive as his commission only one half of a full commission after deducting the commissions awarded to the deceased executrix.
The court determines that a coadministrator c. t. a. should be appointed in addition to the petitioner, as administrators c. t. a.
The request for the appointment of the named cotrustee as coadministrator c. t. a. is denied. Mary Kennelly, an income beneficiary, and a former employee, will be appointed as administrator c. t. a., in addition to petitioner, upon duly qualifying and executing a duly acknowledged renunciation of commissions in excess of one half of a full commission after deducting any commissions awarded to the deceased executrix.
Proceed accordingly and settle decree.