Grady, S.
It appears that Madeline G. Austin died a resident of Dutchess County on February 10, 1937, leaving a last will and testament which was admitted to probate in this court on May 8,1939. That letters testamentary were issued to Madeline A. Juengst (Dietz) the executrix named in said will.
It further appears that by the terms of the will of Madeline G. Austin, that the residuary of her estate was to be divided equally between her two children, Ethel Austin Carey and Madeline A. Juengst (Dietz).
It also appears that Madeline A. Juengst (Dietz) died on April 15, 1942, leaving a last will and testament in which she named petitioner, Fred J. Dietz, as executor, and he has since qualified.
It further appears that the only asset remaining in the estate of Madeline G. Austin, is decedent’s one-half interest, as a tenant in common, with Albert MacKennan, in certain commercial property at Pawling, New York.
The general rule is that residuary beneficiaries given equal shares of the residuary estate, are on a parity, requiring issuance of letters to both of them (Matter of Defino, 186 Misc. 531).
It is not disputed that Fred J. Dietz, individually and as executor of the estate of his wife, Madeline A. Juengst (Dietz), conveyed her one-quarter interest in said premises to Lillian *228 Burkam, on September 23, 1955, and it is the claim of Ethel Austin Carey that by reason of this transfer, petitioner Fred J. Dietz, divested himself of any interest and is not a 1‘ person interested ” within the contemplation of the Surrogate’s Court Act.
Ordinarily under section 257 of the Surrogate’s Court Act, the executor of a deceased executrix, should account and have the accounts of the deceased executrix judicially settled as of her death.
However, under the terms of paragraph numbered 11 Second ’ ’ of the will of Madeline G-. Austin, it provided: “ I am indebted to my daughter, Madeline Austin Juengst for moneys loaned me by her in the sum of Eight Thousand Dollars (8,000.00) and I direct that the said sum of $8,000 be paid to my said daughter, Madeline Austin Juengst.”
This paragraph has not been carried out and may have to be construed as to whether the $8,000 is a gift or the payment of a debt. If it is a debt, it will have a direct bearing on the real estate which is the only asset remaining in the estate.
Therefore, it is the opinion of this court that Fred J. Dietz, husband of, and executor of the estate of Madeline A. Juengst (Dietz), continues to be a person interested in the judicial settlement of the estate of Madeline G-. Austin, despite the sale of his interest in the real property.
Letters of administration with the will annexed will issue to Ethel Austin Carey and Fred J. Dietz.
Submit decree on notice.