John D. Bennett, S.
The specific question raised in this probate proceeding relates to the applicability of the priorities found in section 118 of the Surrogate’s Court Act to the designation of an administrator c. t. a. when letters are sought by contesting petitioners, each of whom are next of kin and qualify under the same subdivision of section 133 of the Surrogate’s Court Act. Although the problem is of some importance, it does not seem to have been previously passed on in any reported decision, since the comprehensive amendment to section 133 by chapter 350 of the Laws of 1952.
*316 The propounded instrument offered for probate was executed in 1910. It is a simple will which, after naming the executors and making a number of specific bequests, leaves all of the residuary to a sister. The named executors, the residuary legatee, the spouse, and all but two of the beneficiaries of specific bequests (one of whom the petition states may not be living) predeceased the testatrix. The bequests that have not lapsed give $3,000 to one beneficiary and $500 to another. Neither of these two legatees have appeared in this proceeding.
A grandnephew entitled to l/28th of the estate seeks letters of administration c. t. a. Two nieces, each entitled to l/7th of the estate, object to his appointment and request that letters issue to one of them. Eight other beneficiaries support the grandnephew. The total of their interests is 5/7ths of the estate.
Section 133 of the Surrogate’s Court Act determines the method of appointment of administrators c. t. a. As far as it is applicable, it reads:
“If * * * there is no executor * * * qualified to act, the surrogate must, upon the application of * * * a person interested in the estate of the decedent * * * issue letters of administration with the will annexed as follows: * * *
“2. To one or more of the residuary beneficiaries or, if any be dead, to his executor or administrator;
“3. If there is no qualified person entitled to letters under subdivisions one or two hereof who will accept, then, in the discretion of the surrogate, to one or more of the persons interested in the estate or, if any be dead, to his executor or administrator; * * *
‘ ‘ Except as modified by this section, the provisions of sections ninety four and one hundred eighteen of this act apply to an application for letters of administration with the will annexed.”
The residuary beneficiary predeceased the testator leaving no issue, so that the legacy to her lapsed, making inapplicable subdivision 2 of section 133 (Matter of Fagin, 155 Misc. 533, and cf. Matter of Murphy, 304 N. Y. 232, 239).
Here, the eligible ‘ ‘ persons interested in the estate ’ ’, under subdivision 3 of section 133, include the contesting two nieces and grandnephew, and of those who do not seek letters, another niece, one nephew, children of deceased nephews and the two specific legatees.
Although subdivision 3 of section 133 requires the Surrogate in his discretion to appoint a person ‘ ‘ interested in the estate ”, it is urged by the objectants that his choice is dictated by the priorities found in section 118 which is referred to in section 133. It is as vigorously urged by the petitioner that the reference to *317 section 118 does not affect the choice to be made under subdivision 3 of section 133. The objectants argue that the court is required to appoint one of the nieces, each of whom will take “the largest share” (Surrogate’s Ct. Act, § 118, subd. 6). The proponent argues that the court may, in the exercise of its discretion, appoint any person 1 ‘ interested in the estate ’ ’ without regard to the priorities found in section 118.
It is important, here, to consider the purpose of the amendment to section 133 in 1952, prior to which the section read:
If * * * at any time there is no executor, or administrator with the will annexed, qualified to act; the surrogate must * * * issue letters of administration with the will annexed, as follows: * * *
“3. If there is no such residuary legatee * * * then to one or more of the principal or specified legatees so qualified * * *
“ 4. If there is no such legatee * * * then to the husband, or wife, or to one or more of the next of kin, or to one or more of the heirs or devisees, so qualified. * * *
' ‘ Except as to the right of priority as provided in this section, the provisions of section one hundred and eighteen of this act apply to an application for letters of administration with the will annexed. ’ ’
The priority of each subdivision in section 133 over a succeeding subdivision was (and is) inflexible in determining the choice among competing petitioners (Matter of Murphy, 304 N. Y. 232, 236, supra; Matter of Cullinane, 182 Misc. 830, 832). Similar rigidity in choice under section 118 is imposed by the Legislature in terms of the priority of each subdivision over one later enumerated (Matter of Kelly, 238 N. Y. 71, 78; Matter of Campbell, 123 App. Div. 212, 216, affd. 192 N. Y. 312; Matter of Kogan, 203 Misc. 739, 740; Matter of Reilly, 165 Misc. 214, 220; Matter of Winkhous, 157 Misc. 560, 561; Matter of Baumes, 160 Misc. 563).
it is clear that prior to the 1952 amendment to section 133, the court would have been required to appoint one of the two surviving specified beneficiaries, if they had applied for letters, no matter how small their interest in the estate. It was this situation that the 1952 amendment sought to correct. As the section now reads, the Surrogate has unquestioned discretion to choose from among those “ interested” whether because of a legacy or because of the intestacy following lapsed or invalid provisions in a will. The note to the 1952 amendment to section 133 reads: ‘ ‘ This amendment is recommended by the Surrogates Association of the State of New York. Its purpose is to clarify the text in many aspects and to provide generally that letters *318 are to issue in priority to those whose own interests in the estate would be served by a careful and economical overall administration of the estate assets. Those provisions of the existing text are eliminated which would grant to persons having legacies of nominal value priority over those having greater actual interests in the estate. The discretion of the surrogate is somewhat broadened in his selection of an administrator c.t.a. The disqualifications of non resident aliens, of felons and of other unsuitable persons are made explicitly applicable. The priorities in section one hundred eighteen are continued, except as modified by section one hundred thirty-three.” (L. 1952, vol. 1, p. 1010.)
Prior to 1952, the courts were not entirely in accord as to the applicability of the priorities under section 118 to each subdivision of section 133.
In Matter of Baumes (160 Misc. 563, 564, supra) the court stated:
“ It is provided in section 133 of the Surrogate’s Court Act, with certain exceptions, that the executor or administrator of one of the residuary legatees be given priority over all others in the matter of the appointment of an administrator with the will annexed. In the case at bar both petitioner and respondent are in the same class, both being representatives of deceased residuary legatees, and neither has priority over the other in so far as the appointment of an administrator with the will annexed is concerned.
‘1 It is argued that because both petitioner and respondent are in the same class, the provisions of section 118 of the Surrogate’s Court Act shall apply, and that the surrogate has no discretion in the matter of appointment. I am persuaded that this is a correct view of the situation now before me, and resort must be had to the provisions of section 118 of the Surrogate’s Court Act to determine to whom letters shall issue. (Matter of Eggsware, 123 Misc. 548.) ”
In Matter of Eggsware (123 Misc. 548, 550) the Surrogate said: ‘ ‘ By section 133 of the Surrogate’s Court Act residuary legatees are given priority over all others in the matter of the appointment of an administrator with the will annexed. When rival claimants to such letters are in the same class, then it is provided by said section that the further order of priority, as provided by section 118 of the Surrogate’s Court Act, shall apply. In the case at bar Julia Robare and Amy Carter are in the same class, both being daughters of Thomas Eggsware, deceased, and neither has priority over the other in the matter of the appointment of an administrator with the will annexed of said deceased. In such a case the appointment is in the discretion of the surrogate. Peters v. Public Administrator, 1 Bradf. 200, 207 (1850) ; *319 Quintard v. Morgan, 4 Dem. 168 (1885); Matter of Beakes, 5 id. 128 (1886); Matter of Powell, Id. 281 (1886); Matter of Davis, 48 Misc. Rep. 489 (1905).”
The memorandum report found in Matter of Hubbs (284 N. Y. 776) affirming an Appellate Division (Fourth Dept.), order, has language apparently in accord with the quoted portion of the Baumes and Eggsware decisions: “ Section 133 of the Surrogate’s Court Act, after providing for various classes who are entitled to letters of administration with the will annexed, including ‘ 2. To one or more of the residuary legatees * * * ’, provides that ‘ Except as to the right of priority as provided in this section, the provisions of section one hundred and eighteen of this act apply to an application for letters of administration with the will annexed. ’ Section 118 provides that if several persons have an equal right to administration, ‘ Relatives of the whole blood must be preferred to those of the half blood.’ The Appellate Division directed that Helen P. Leach, as the only blood relative of the testator, be appointed as administratrix with the will annexed. ’ ’
Matter of Thompson (186 Misc. 528) although it specifically disagreed with Matter of Baumes (supra) asserted that the order of priority found in section 118 was ‘ ‘ mandatory ” as to “next of kin and distributees” seeking letters under section 133. At pages 530-531, the court said: “ The terms of section 133 are clear and explicit and the legislative intent easily observable. The order of eligibility is to be taken in the numerical order of the subdivisions. Neither subdivision 1, 2 or 3 is in any way affected by the provisions of section 118. The class of appointees in these first three subdivisions are beneficiaries named in the will or the legal representatives of deceased beneficiaries. Relationship to the testator has no place as a test of the priority of their selection. The testator may have selected as a residuary or ' principal or specified ’ legatee, as mentioned in the section, a stranger to his blood, or a charitable corporation along with a blood relation within the same class of beneficiaries. The statute imposes in such a case no requirement that the blood relation must be appointed by the court. The concluding sentence of section 133 and its direction that section 118 shall apply only affects the persons mentioned in subdivision 4, ‘ to the husband, or wife, or to one or more of the next of kin ’. Such persons may be appointed only where there is a default or absence of legatees or other beneficiaries named in the will who are willing to act. The opening words of the concluding sentence, ‘ Except as to the right of priority as provided in this section ’, sustain this interpretation of the legislative intent. When the appointment of a husband or wife or next of kin was to be considered, the rules *320 applicable as to the priority in ordinary administration should necessarily apply to administration c.t.a., and a mandatory order of priority as to next of kin and distributees was imposed upon the court.” (Italics supplied.)
Matter of Defino (186 Misc. 531) followed Matter of Thompson (supra). There, however, both petitioners were stated to be ‘ ‘ residuary legatees ’ ’ and the court did not discuss, as in Matter of Thompson, the applicability of section 118 to priority among ‘ ‘ next of kin ’ ’ seeking letters under section 133.
The discussions in the texts reflect these decisions in language which is not entirely uniform. Bradford Butler on New York Surrogate Law and Practice (1941-1950 Supp. to Vol. 2, p. 82) cites Matter of Thompson (supra) and makes the distinctions already referred to between “ next of kin ” and other classes.
Jessup Bedfield on Surrogates’ Law and Practice (vol. 2, § 1410) states, “ Among members of a class the holder of the largest interest is preferred ’ ’.
Harris, Estates Practice Guide ([1954], vol. 1, § 258, p. 418) asserts, “ And when the parties are in the same class, those nearer in kinship and residence in the county will be appointed ’ ’.
Carmody Wait on New York Practice ([1954], vol. 11, § 873) states, 1 ‘ The preferences among members of a class eligible for letters of administration with the will annexed follow the rules as to administration proceedings. The preference is for him who has the largest interest, unless disqualified.”
Warren’s Heaton on Surrogates’ Courts (vol. 2, § 197, par. 4, cl. [d]) discussing ‘ ‘ Letters of Administration, Will Annexed, When And To Whom Granted ”, states: “ Undoubtedly also the other provisions of section 118 apply in such a case where any preference in appointment is indicated in section 118. If there is any priority so provided, then that must be observed. In such an event the surrogate may have no- discretion. Questions of residence, kinship to the decedent and relationship of the whole or the half blood may be elements applying. For a discussion of this subject see Matter of Baumes, 160 Misc. 563, 290 N. Y. Supp. 981. And see, also, Matter of Eggsware, 123 Misc. 548, 206 N. Y. Supp. 24.”
The 1955 supplement to Warren’s Heaton recites the decisions in Matter of Thompson (supra) and Matter of Defino (supra) without editorial comment other than to note that Matter of Baumes (supra) was not followed and refers the reader to the new statute (p. 123, referring to § 197, par. 13).
The authorities referred to may properly be summarized as divided, with respect to the necessity of following section 118 priorities as to some of the categories found in section 133. There is no dissent, however, that as to “ next of Mn ”, these *321 priorities apply, as to which, some of the words used are emphatic — “ mandatory ”, “ necessarily apply ” and “ imposed upon the court” (Matter of Thompson, supra), “undoubtedly”, “must be observed”, “no discretion” (Warren’s Heaton, supra).
Impelling in reaching the conclusion that the 1952 amendment intended to continue (and perhaps extend) this interpretation of the reference to section 118 in section 133, is the last sentence in the note to chapter 350 of the Laws of 1952 quoted above. It reads: “ The priorities in section one hundred eighteen are continued, except as modified by section one hundred thirty-three ”. (Italics ours.) The italicized phrase would have no meaning unless it applied to priorities imposed by section 118 on classes found within subdivisions of section 133, since the priority of classes in section 133 necessarily differs from those in section 118.
Such an interpretation is consistent with the legislative intent forcefully and explicitly set forth in section 118 itself. ‘ ‘ Administration * * * must be granted * * * in the following order ” (italics ours). It would smack of something more than a casual inconsistency for the Legislature to set out a rigid order of priority in section 118 and not to intend that that same order of priority be imposed on the Surrogate in a situation almost identical when it occurs in section 133. The fact is that the courts have always considered these sections complementary (and others related, such as § 94, now specifically referred to in § 133). See Matter of Blackburn (171 Misc. 238, 240): “ The interpretation thus given to subdivision 5 of section 133 of the Surrogate’s Court Act is fortified by consideration of the provisions appearing in section 118 of the same act. The Legislature has always intended these two sections to be congruous.” (Italics ours.)
The Court of Appeals in Matter of Murphy (304 N. Y. 232, supra) made such a conclusion controlling on this court. In construing 1 ‘ next of kin ’ ’ as used in former subdivision 4 of section 133, the court read together sections 133 and 118 of the Surrogate’s Court Act and sections 81, 47-c and 83 of the Decedent Estate Law (pp. 236-237). At page 238, the court considering the 1914 revision of the Surrogate’s Court Practice (L. 1914, ch. 443) stated: “ The Legislature thereby expressly manifested its intention to bring both these sections (Code Civ. Pro., §§ 2588, 2603 [now Surrogate’s Ct. Act, §§ 118,133]) into harmony, and indeed the revisers’ note to section 2603 reads: 1 Whole section made to work with new § 2588 ’ ”. At page 239 it is stated ‘1 This brings said subdivision in harmony with section 118, as provided in subdivision 5 of section 133.”
*322 All this would apparently make mandatory the choice for an administrator c. t. a., a niece with a l/7th interest, as against a grandnephew, with a l/28th interest.
If the choice is discretionary, this court reaches the same result, since the legislative intent shown in section 118 and section 133 would dictate how the court’s discretion should be employed. In addition, if the choice is considered a matter of discretion, the court would consider the inhibitions placed on the grandnephew by reason of his prior commitment to the attorneys for the committee of the decedent while incompetent, a circumstance which here would further cause the choice to be made in favor of one of the nieces.
The petitioners concede in their briefs that no statutory or other disability exists as to either of the objectants. Each niece is competent and qualified when measured against the standards set forth in sections 94,118 and 133. (Matter of Meyn, 81 N. Y. S. 2d 129; Matter of Leland, 175 App. Div. 62; Matter of Dolansky, 196 Misc. 802.)
The suggestion of the objectants that a named corporate fiduciary be appointed by consent may not, of course, be enforced by the court. (Matter of Pascal, 2 Misc. 2d 337.) However, such a result could have been reached if an appropriate demand had been made in conformity with the last paragraph of section 118. (Steele v. Leopold, 135 App. Div. 247, 252, mod. on other grounds, 201 N. Y. 518; Matter of Bader, 1 Misc. 2d 632; Matter of Sorenson, 195 Misc. 742, 746; Matter of Fichter, 155 Misc. 399.)
The testimony of James S. Laing, one of the witnesses, will be dispensed with, his death having been established to the satisfaction of this court.
No objection has been made to the propounded instrument which appears to have been executed as required by the provisions of section 21 of the Decedent Estate Law. It having been established that the decedent was competent to make a will and free of restraint, the propounded instrument will be admitted to probate as the decedent’s will.
The petition is granted so far as it relates to probate of the propounded instrument as the last will of the decedent. The request therein made that letters be issued to Arthur D. Weekes. Jr., is denied.
The filed objections are sustained in accordance with this decision and letters of administration c. t. a. will issue to Alice D. Weekes, one of the nieces, each having consented to the appointment of the other.
Submit decree on notice.