John D. Bennett, S.
In this probate proceeding the contested issue deals with the appointment of an administrator c. t. a.
Under the terms of the decedent’s will, he provided for a trust consisting of the minimum amount that he was required to provide for his spouse pursuant to the then section 18 of the Decedent Estate Law, with the remainder to be paid to his children surviving said spouse.
He provided that his residuary estate be paid one half equally to his two children and the other one half to be paid to his friend, Barbara Bernal.
The testator appointed a bank to be the executor and trustee of his estate. The named bank renounced its appointment as executor and trustee and the decedent’s spouse, as duly appointed guardian of the decedent’s two children, has petitioned for the appointment of herself in her capacity as guardian to be the administratrix c. t. a. The residuary legatee, Barbara Bernal, hereinafter referred to as the respondent, opposes the application and cross petitions for letters of administration c. t. a. to be issued to her.
Respondent contends that the order of priorities set forth in SCPA 1418 must be followed numerically. Under paragraph (b) of subdivision 1, the statute provides that letters are to issue ‘‘ to one or more of the residuary beneficiaries or, if any be dead, to his fiduciary”. Under subdivision 5, the statute provides that if any person otherwise entitled to letters under subdivision 1 is an infant, the court may issue .letters with the will annexed to his guardian with the same priority as if the infant *420 had himself been eligible to take letters. The respondent contends that the provisions set forth under subdivision 5 may be utilized only when there are no adult residuary beneficiaries qualified to be administrator c. t. a. The position of the respondent is in error. The guardian here, acting on behalf of her wards, has an equal priority to the issuance of letters if the court in its discretion authorizes same (2 Warren’s Heaton, Surrogates’ Courts [6th ed.], § 197, par. 7). Under the circumstances, the Surrogate in his discretion can appoint either the petitioner or the respondent or both (Matter of Rowe, 46 Misc 2d 899; Matter of Eggsware, 123 Misc. 548; Matter of Defino, 186 Misc. 531; 2 Warren’s Heaton, supra, § 197, par. 13).
The respondent was named as guardian for the children under the terms of the decedent’s will and asks the court to consider same as an additional reason why she should be appointed administratrix c. t. a. In view of the fact that the wife survived the decedent and has been appointed guardian of the infants’ property, the provisions of the testator’s will have no bearing as far as the within petition is concerned (Domestic Relations Law, § 81).
The petitioner claims that she has a larger pecuniary interest in the within estate and should be appointed fiduciary because she takes individually a limited right of election to the extent of $2,500 and is the income beneficiary of the afore-mentioned trust. Since she also represents a one-half interest in the residuary estate and the remaindermen of the trust in her capacity as guardian, she alleges that she collectively represents a majority interest. Respondent takes the position that the petitioner’s limited right of election and her asserting of said right would conflict with her duties as administratrix c. t. a.
In reviewing the estate as a whole, the court finds that the interests of the wards and the respondent as residuary beneficiaries are similar. Any consideration given to the fact that the infants are the remaindermen of a pre-residuary trust is offset by the fact that the respondent may be a contingent beneficiary of the trust in the event that the decedent’s two children do not survive their mother.
The court must also take into consideration the fact that a trustee ultimately will have to be appointed and the surviving spouse cannot serve as trustee alone. It may be wise to have the petitioner and respondent .appointed cotrustees of said trust.
Under all the circumstances, the court in exercising its discretion will appoint the petitioner and respondent as coadministratrices c. t. a. upon their duly qualifying for same.