1. EXECUTORS AND ADMINISTRATORS (§ 20*) — RIGHT TO APPLY FOR APPOINTMENT OF ADMINISTRATOR—"INTERESTED IN ESTATE."

Where the half-sister of decedent would be entitled to a distributive share in his estate in the absence of a will, she is "interested in the estate," within Code Civ. Proc. § 2643, relating to letters of administration with the will annexed, though she takes nothing under the will.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 84; Dec. Dig. § 20.*]

2. EXECUTORS AND ADMINISTRATORS (§ 20*)—"PERSON INTERESTED IN ESTATE OF DECEDENT."

A "person interested in the estate of the decedent," under Code Civ. Proc. § 2647, is a person who may maintain proceedings for the revocation of the probate of a will once duly admitted to probate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 84; Dec. Dig. § 20.*

For other definitions, see Words and Phrases, vol. 4, pp. 3692–3709; vol. 8, p. 7691.]

Application for letters of administration with the will annexed of Julia David Brown. Petition granted.

Corbitt & Stern, for petitioner.

James W. and Charles J. McDermott, for Mary E. Tiernan.

KETCHAM, S. Upon an application for the appointment of an administrator with the will annexed, the petition is made by a half-sister of the decedent; and it is objected that the appointment cannot be made at the instance of one who has no interest in the disposition provided for by the will.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The petitioner has no standing to maintain this proceeding upon any theory that she is entitled now to participate in the estate. But she avers, as a basis for invoking the action of this court, that she has commenced an action in the Supreme Court, as she describes it, "to set aside the will on the ground that the same is a forgery," and that there is at the present time no executor or administrator of the will to be joined as defendant in that action. Code Civ. Proc. § 2643, provides that the surrogate must, upon the application of "a person interested in the estate of the decedent," issue letters of administration with the will annexed. Section 2514, subd. 11, provides that:

"The expression, 'person interested,' where it is used in connection with an estate or a fund, includes every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee, or otherwise, except as a creditor."

In section 2647 the phrase "person interested in the estate of the decedent" is used to describe a person who may maintain proceedings for the revocation of probate of a will once duly admitted to probate. In the section last cited it is obvious that if the words under discussion were to be limited to those persons who, pursuant to a will, are entitled to receive a part of the estate the result would be a mockery, for it is rare that a legatee or devisee desires to attack the probate; and the construction that would permit only those beneficially named in a will to petition for revocation of probate would exclude the only persons for whose benefit this section is extended. These words have been construed to include the heirs at law and next of kin for the purpose of the proceeding to revoke probate (Matter of Bradley, 70 Hun, 104, 23 N. Y. Supp. 1127), and that construction has been applied in universal practice for years.

The mind revolts from a construction of the same words in two different sections of the same statute, by which in one case the words shall mean one thing and in the other another thing. These two enactments are found in pari materia in a chapter of the Code which constitutes a coherent system for the administration of the estates of decedents, and the Legislature must have ascribed the same meaning to the same words whenever used without qualification. That in the legislative mind an heir at law or next of kin who is excluded by a will which has been proved may still maintain an interest in the estate which has been devised away from him is shown in the section of the Code indicating the parties who may maintain an action to determine the validity of the probate. That section (2653a) gives the right of action to "any person interested as heir at law, next of kin or otherwise, in any estate, any portion of which is disposed of, or affected * * * by a will * * * admitted to probate." These words, for all the purposes of the chapter in which they are found, reveal a conception of their meaning which, whether or not it conforms to the limitations of the lexicon, must have entered into and characterized the same or equivalent words employed in the same chapter. By their use the Legislature says that there is such a thing

as an interest capable of being held by the next of kin in an estate which has been so disposed by will that, so long as the will stands, such next of kin cannot partake of it.

In section 2614, among the persons who may propound a will, the devisees and legatees are named in contrast with "any person interested in the estate," and creditors are in turn distinguished from the "persons interested in the estate." Necessarily here "persons interested" are the next of kin and heirs at law; yet this section, in its application to a will in which the next of kin are not beneficially mentioned, not only distinguishes between a "person interested in the estate" and a devisee or legatee, but allows the next of kin to propound the will under which, if it prevails, he has no interest. If here the words "person interested in the estate" are employed to mean a person who is not among the devisees and legatees, the same words in the section under which the petitioner is proceeding may well mean another class of persons than devisees and legatees. The definition in section 2514, subd. 11, is easily susceptible of a meaning entirely consistent with these views, and, indeed, in the light of the paragraphs of the Code already quoted, such interpretation must be given to the definition. "Every person entitled, either absolutely or contingently, to share in the estate as * * * next of kin," may as well be a person whose right is contingent upon the possibility that the will and its probate may be found to have been invalid as one whose right is contingent upon the possibility that he may succeed a person who is primarily entitled to a present interest.

From these considerations it results that the interest, upon the possession of which depends the right to maintain the several proceedings heretofore considered, includes such possible relation to the estate as may accrue to the next of kin if the will, though already established, shall fail. In Matter of Goggin, 43 Misc. Rep. 233, 88 N. Y. Supp. 557, the observation is made that under section 2643 a next of kin having no interest in the estate under the will is not authorized to petition for the appointment of an administrator with the will annexed, but the remark is casually made and is not essential to the decision.

The petitioner in this case is entitled to apply for the appointment of an administrator with the will annexed.

Application granted.