In the Matter of the Petition of ISIDORE COHEN to Prove the Last Will and Testament of LOUIS COHEN, Late of the County of Kings, Deceased. In the Matter of the Probate of the Last Will and Testament of LOUIS COHEN, Deceased. ISIDORE COHEN and SIDNEY COHEN, Appellants; HERMAN COHEN, Also Known as HYMAN COHEN, and MORRIS COHEN, Respondents.— Decree of the Surrogate's Court of Kings county, in so far as appealed from, granting letters testamentary to respondent Herman Cohen, and presently denying the application for letters testamentary of appellant Isidore Cohen, affirmed, without costs. We feel constrained to follow the precedents which hold that a person convicted in another jurisdiction of a crime which is there a felony, is not guilty of " felony " as that term is defined in section 2 of the Penal Law (*Sims* v. *Sims*, 75 N. Y. 466; *National Trust Co.* v. *Gleason*, 77 id. 400; *People* v. *Gutterson*, 244 id. 243) and that consequently such person is not a " felon " within the meaning of section 94, subdivision 4, of the Surrogate's Court Act. (*O'Brien* v. *Neubert* [*Matter of O'Brien*], 3 Dem. 156; 67 How. Pr. 503; *Matter of Canter*, 146 Misc. 123.) Nor is the respondent Herman Cohen disqualified by reason of " dishonesty " within section 94, subdivision 5. The dishonesty apparently contemplated by the statute, under the cases, is dishonesty in money matters. (*Matter of Flood*, 236 N. Y. 408, 411; *Matter of Latham*, 145 App. Div. 849, 854.) The record does not indicate that the crime of which he was convicted was of that character. Carswell, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., dissents from that part of the decision which affirms the granting of letters testamentary to Herman (referred to in the decree as Hyman) Cohen, but concurs in the decision in all other respects. [164 Misc. 98.]

In the Matter of the Application of RHODA LIPMAN, as Administratrix, etc., of MEYER LIPMAN, Deceased, to Discover Certain Property of Said Deceased, Claimed to Be Withheld. HAROLD LIPMAN, Appellant; RHODA LIPMAN, as Administratrix, etc., of MEYER LIPMAN, Deceased, Respondent.— In a discovery proceeding brought under sections 205 and 206 of the Surrogate's Court Act, decree of the Surrogate's Court of Kings county, directing appellant to repay to the administratrix the sum of $654.16 and interest, unanimously affirmed, in so far as an appeal is taken, with costs to respondent, payable by the appellant personally. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

THEODORE JOYNER, Respondent and Appellant, v. BROADMAR REALTY CORP., Appellant and Respondent.— Action to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant when plaintiff fell into a ditch excavated at the defendant's direction in an alleyway in the rear of, and appurtenant to, a store demised by the defendant to the plaintiff, which store was one of five in the same building. The right to use the alleyway was common to the store tenants, including the plaintiff. From a judgment entered upon the verdict for $500 in favor of the plaintiff, the defendant and plaintiff separately appeal, the latter only on the ground of the claimed inadequacy of the verdict. Upon the argument the plaintiff's appeal was in effect withdrawn. Judgment unanimously affirmed, with costs to respondent-appellant. (*Sciolaro* v. *Asch*, 198 N. Y. 77, 81; *Hirsch* v. *Radt*, 228 id. 100, 104; *Dollard* v. *Roberts*, 130 id. 269, 273; *Hicks* v. *Smith*, 158 App. Div. 299.) Appeal by plaintiff dismissed. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.