Anthony P. Savarese, S.
John Schenna married Anna Kemp, the petitioner herein, on July 4, 1954. About a month after the marriage he sold his home at 150-33 Coolidge Avenue for $11,500. As part of the proceeds he received a check for $10,000 which his wife says he gave her as a gift and which she thereafter deposited on August 24, 1954, in a savings bank in her name in trust for her husband. After his death on July 4, 1956, she filed a petition for letters of administration on his estate. Her petition states that the decedent left an estate, consisting solely of personal property, valued at less than $3,000. The son and daughter of the decedent by a prior marriage filed objections to her application. Section 96 of the Surrogate’s Court Act provides that any interested person may interpose *291 objections setting forth specifically one or more legal objections to the granting of letters. Subdivision 5 of section 94, insofar as material, provides that no person is competent to serve as an administrator who is “ Incompetent to execute the duties of such trust by reason of drunkenness, dishonesty, improvidence or want of understanding.” Here the objection is set forth as follows: “ The specific legal objections to the grant of such letters to the petitioner is that the petitioner has not and will not act honestly with regard to the property of the decedent.” This is followed by allegations which relate to the moneys claimed by the petitioner as a gift from her late husband, and her refusal to turn over an insurance policy of $5,000 to Theresa Leitner, one of the respondents, unless she consented to pay part of the funeral expenses and relieve the petitioner from any further liability. With respect to the policy the petitioner admitted that she had possession of a policy issued by the Prudential Life Insurance Company in the amount of $5,000 on the life of her late husband and the beneficiaries of which were the respondents. She testified that she did not turn it over “ because I was not asked for it.” Since she makes no claim to the1 policy or that it is an asset of the estate, there is no reason why she should not deliver it to the respondents or their attorney upon receiving an appropriate receipt. However the Surrogate will not direct her to do so in this proceeding. The respondents may take such action to compel her to do so as they may be advised to pursue. The word “ dishonesty ” used in the statute has been construed to mean dishonesty in money matters. (Matter of Flood, 236 N. Y. 408; Matter of Cohen, 254 App. Div. 571, affd. 278 N. Y. 584; Matter of Latham, 145 App. Div. 849.) The mere retention of the insurance policy even if without justification, and the assertion by petitioner openly and in good faith of a gift of the $10,000 do not constitute dishonesty. The validity of the gift can be challenged and determined in an accounting proceeding. The objections of the respondents are dismissed and the application is granted. Letters will issue to the petitioner upon filing a bond in the sum of $7,500, and otherwise qualifying as required by law within seven days. She is also directed to file an account and serve a copy of same upon the attorney for the respondents within 30 days after the issuance of letters of administration to her. Settle decree on notice.