Maximilian Moss, S.
This is an application by petitioner, who is decedent’s husband, for letters of administration c. t. a. Under the provisions of the propounded instrument decedent left all of her estate to her sisters and nieces who are nonresident aliens and named no executor or executrix. Both decedent and her husband were citizens of the United States and residents of the State of New York. Decedent’s husband states in his petition that he intends to elect to take against the will and assert his right to his statutory share of decedent’s estate.
The Public Administrator of the County of Kings opposes the application upon the grounds inter alia that petitioner is not a person interested in decedent’s estate until such time as he has elected to take against the will and after such right has been established.
No competent proof has been offered which would constitute grounds to disqualify decedent’s husband to administer the estate. A possible conflict of interest between a fiduciary and legatees or distributees does not in and of itself constitute sufficient grounds to bar one from such appointment (Matter of Kent, 22 Misc 2d 66 ; Matter of Schenna, 5 Misc 2d 290). Nor does the fact that a fiduciary may have a personal claim against the estate constitute such grounds (Matter of Brown, 60 Misc. 628).
*917 Subdivision 10 of section 314 of the Surrogate’s Court Act defines “persons interested” to include every person entitled either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband or wife. The said section of the act further provides ‘ ‘ an allegation of his interest, duly verified, suffices, although his interest is disputed; unless he has been excluded by a judgment, decree, or other final determination, and no appeal therefrom is pending.” Section 133 of the act provides that where there is no sole beneficiary (subd. 1) or residuary beneficiary (subd. 2) qualified to receive letters c. t. a. then such letters are to be issued to a “ person[s] interested in the estate ” (subd. 3) or if there is none who is qualified, then to the Public Administrator (subd. 4).
Since all of the legatees named in the will are disqualified because they are nonresident aliens and decedent’s husband is a “ person interested ” in the estate (Surrogate’s Ct. Act, § 314, subd. 10), he has a prior right to administer the estate over that of the Public Administrator (Surrogate’s Ct. Act, § 133, subd. 3). Such priority is absolute and controlling upon the court under the facts herein (Matter of Davis, 48 Misc. 489 ; Matter of Blackburn, 171 Misc. 238).
Letters of administration c. t. a. will issue to petitioner upon qualifying according to law.