1. DEATH—PRESUMPTION.
　　Where a small boy was sent in 1868 from an institution to the West, and has never since been heard from, though efforts have been made in that behalf, he would be presumed to be dead.

2. ADMINISTRATION—RIGHTS OF CREDITOR.
　　A creditor has no right to administer if there are any next of kin.

In the matter of the application for letters of administration on the estate of John Barr, deceased. Letters granted.

Walter H. Jaycox, for Willmirth Haff, creditor, petitioner.
Lewis M. Scheuer, for Attorney General.
Frederick J. Stone (Hector M. Hitchings and Melvin G. Palliser, of counsel), for Mary E. Bailey, cross petitioner, and Margaret A. Rossiter, next of kin.
Melvin G. Palliser, for Joseph Martin, creditor.
George W. Weeks, Jr., for Mary Smakal, creditor.

PETTY, S. The petitioner applies for letters as a creditor, alleging that no next of kin exists, so far as he has been able to ascertain. Deceased left no widow or children. The cross petitioner applies as next of kin, her sister Rossiter having renounced any right she may be found to have. Testimony is offered to show that decedent had a brother and two sisters, the latter being deceased without issue. The brother is also deceased, and in opposition to the claim

¶ 1. See Death, vol. 15, Cent. Dig. § 2.

of the petitioner Bailey, some testimony is offered to show that he left him issue surviving who would be entitled to administer in preference to the cross petitioner, who claims letters as a cousin. The most that is shown, however, is that the brother of decedent had in his charge a boy named Henry, probably his son, who was placed in an institution, and subsequently sent West in 1868, at that time a small boy. Since that time nothing has been heard from him, and this despite efforts of counsel in that regard. Apart from the question of identity, the presumption is that he is dead. Eagle v. Emmet, 4 Bradf. Sur. 117. The identity of the deceased and the relationship of the petitioner Bailey and her sister are established by the testimony of the petitioner and the witness Martin, the latter a lifelong friend of the deceased.

The claim of the state that the testimony offered on behalf of the cross petitioner is insufficient is not sustained. That such petitioner and her sister had not seen or communicated with the deceased for many years does not bear upon the question of relationship. It is of no concern that their relations were not friendly. The various discrepancies pointed out by the state in the testimony could not fail to occur where events occurring 30 years ago are related by a witness who was at that time but a child. It cannot be presumed, from slight mistakes in the year of a birth or marriage, or as to which eye of the deceased was affected, that the witness has testified falsely in all respects, and as to the various certificates offered in evidence to show the absence from the records of any mention of certain marriages, deaths, etc., as testified by the cross petitioner in tracing her relationship, this is negative testimony, and insufficient as against the positive testimony of witnesses, which, except in a few minor details, is uncontradicted. It is clear, therefore, that the petitioner Bailey and her sister Rossiter are kin of the intestate, and, the statute being mandatory, letters must issue to the former in preference to creditors. Code Civ. Proc. § 2660. The bond is fixed at $50,000.

A decree may be submitted accordingly, with applications for costs on notice.

Decreed accordingly.