In the Matter of the Estate of WILLIAM J. DOWD, Deceased. MARY QUIGLEY et al., Appellants; JOHN C. GLENN, as Public Administrator of Queen's County, Respondent.— In a proceeding for the issuance of letters of administration to petitioners, they appeal: (a) from a decree of the Surrogate's Court, Queens County, rendered March 21, 1962 after trial, upon the decision of the court, which *inter alia*, denied their petition and instead granted such letters to the respondent Public Administrator; and (2) from an order of said court, dated May 15, 1962, which denied their motion to modify said decree by directing the issuance of letters to them in place of the Public Administrator. Decree of March 21, 1962 reversed on the law and the facts, with costs to all parties filing briefs, payable out of the estate; petition granted; letters of administration directed to be issued to petitioners upon their qualifying as prescribed by statute; and proceeding remitted to the Surrogate's Court, Queens County, for the issuance of the letters to petitioners, for the revocation of the letters heretofore issued to the Public Administrator, and for the entry of an appropriate decree not inconsistent herewith. Findings of fact contained or implicit in the decision below which may be inconsistent herewith are reversed, and new findings are made as indicated herein. Appeal from order of May 15, 1962 dismissed as academic. In our opinion, the petitioners satisfactorily established, without contradiction, that they were first cousins of the decedent and that there were no nearer " next of kin entitled to share in the distribution of the estate " (Surrogate's Ct. Act, § 118), except that there were two other persons, namely, Viola M. Kochel and Anna Dowd, who were also cousins of the decedent but who did not oppose petitioners' application. Under these circumstances, the right of the Public Administrator to letters was subordinate to that of the petitioners (Surrogate's Ct. Act, § 118; *Matter of Findlay*, 253 N. Y. 1, 13; *Matter of Kemp*, 123 N. Y. S. 2d 417, 418; *Matter of Hoppin*, 3 Misc 2d 315, 317;

*Matter of Picozzi,* 12 Misc 2d 347; *Matter of Kells,* 19 Misc 2d 511). To establish his prior right to letters, the Public Administrator could not rest merely upon the " information and belief " allegation in his answer, namely: that the possibility that there may be kin of nearer degree had not been eliminated by petitioners' proof (cf. *Matter of Schindhelm,* 11 A D 2d 777, 778). The claim that petitioners' proof was unsatisfactory is untenable; it ignores the rule that pedigree may properly be established by hearsay evidence (cf. *Aalholm* v. *People,* 211 N. Y. 406; *Matter of Wood,* 164 Misc. 425, 433–434; *Matter of Barr,* 38 Misc. 355). Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.