■ In the Matter of the Estate of MATTIE HAWLEY, Deceased. IRENE C. O'NEAL, Appellant; EDMUND J. BAISLEY, as Public Administrator, Respondent. — In a proceeding by a maternal first cousin of an intestate, for the issuance to her of letters of administration, in which the five other such cousins waived their right to letters in the petitioner's favor and in which the Public Administrator of Queens County interposed an answer challenging petitioner's status as a distributee and alleging the existence of persons with a prior right to letters, the petitioner appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Queens County, made June 21, 1963 upon the report of a Referee after hearings before him, as directed the issuance of letters to the respondent, the Public Administrator of Queens County. [In the record and briefs, such order is erroneously referred to as having been made and entered on June 11, 1963.] Order of June 21, 1963, insofar as appealed from, reversed on the law and the facts, with costs to petitioner payable out of the estate. Petition granted; letters of administration directed to be issued to petitioner upon her qualifying according to law; and proceeding remitted to the Surrogate for the entry of an appropriate decree not inconsistent herewith. The decree should also provide that the administratrix is prohibited, until further court order, from: (a) collecting assets in excess of the amount of her bond; and (b) from making any distribution prior to the judicial settlement of her account. The decree should further require the administratrix, prior to the judicial settlement of her account, to make a reasonable search for the decedent's distributees presently claimed to be unknown. Findings of fact implicit in the Surrogate's decision and the Referee's report, insofar as they may be inconsistent herewith, are reversed, and new findings are made as indicated herein. On the proof adduced in this record, we find that the petitioner is entitled to letters of administration (Surrogate's Ct. Act, § 118, subd. 6; *Matter of Peters,* 104 N. Y. S. 2d 647; *Matter of McMahon,* 104 N. Y. S. 2d 1020). There is only a remote possibility that the decedent left her surviving any distributee other than the petitioner and those in her class, all of whom have duly waived their right to letters and have consented to the petitioner's appointment. The petitioner is therefore entitled to letters of administration as against the Public Administrator. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.