OPINION OF THE COURT
Lee L. Holzman, J.
In this contested application for letters of administration the issue presented is whether letters should issue to the petitioner or the Public Administrator. Solely for the purpose of determining the instant application, the parties have stipulated that petitioner can establish that he is decedent’s maternal first cousin once removed but that he cannot presently be classified as a distributee of the decedent because he cannot *586 establish that the decedent was not survived by relatives of a closer degree of kinship (see, EPTL 1-2.5, 4-1.1).
SCPA 1001 (1) through (7) set forth the order of priority for granting letters of administration in those estates where a qualified distributee or a representative of a distributee is willing to receive letters. The resolution of the issues presented in this proceeding turns on the interpretation of SCPA 1001 (8) which provides:
"8. When letters are not granted under the foregoing provisions and an appointment is not made by consent as hereinbefore provided then letters of administration shall be granted in the following order:
"(a) to the public administrator, or the chief fiscal officer of the county, or
"(b) to the petitioner, in the discretion of the court,
"(c) to any other person or persons.”
The petitioner claims that the foregoing language should be interpreted to mean that it is within the discretion of the court to appoint either the petitioner or the Public Administrator while the Public Administrator contends that he is entitled to priority and that the petitioner may receive letters only if the Public Administrator, for any reason, should fail to qualify or act as administrator.
"A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written” (McKinney’s Cons Laws of NY, Book 1, Statutes § 73, at 148). Where the statutory meaning is clear there is no reason to embark upon a search for a more convoluted interpretation. Where, as in SCPA 1001 (8), the Legislature sets forth that letters of administration "shall be granted in the following order” and then lists paragraphs (a), (b) and (c), (a) must be afforded priority over (b) unless this priority is modified by unambiguous language.
The position of the phrase "in the discretion of the court” following the words "to the petitioner” in paragraph (b) and preceding the words "to any other person or persons” in paragraph (c) grammatically indicates that the court has discretion between the class of persons listed in paragraphs (b) and (c) but must appoint the public official listed in paragraph (a) whenever the official is willing to serve. If the Legislature had intended to cut back the apparent priority of the persons listed in paragraph (a), presumably it would have done so unambiguously by inserting the phrase "in the discretion of *587 the court” after the word "or” in paragraph (a) rather than at the end of paragraph (b). It must be conceded, however, that the language of the Legislature would have been as clear as its intent appears to the court if the word "or” had been inserted after the word "petitioner” in paragraph (b).
The philosophy underlying the statutory preference is consistent with the court’s grammatical interpretation of the statute. The Legislature has determined that competent people who are to share in the estate should have a right to select who administers it, including themselves, but that the trust of administering estates, where there is no eligible distributee or a representative of a distributee, should fall upon the shoulders of a public official (see, EPTL arts 11, 12). If "strangers” were permitted to administer those estates usually administered by the Public Administrator, that is, estates where the beneficiaries are frequently under a disability or are unknown, the clear and present danger to the rights of the beneficiaries flows not only from possible dishonesty on the part of the "stranger” but also from lack of expertise in the myriad of skills required to administer an estate and locate the rightful distributees. Thus, when the Public Administrator is unable to serve, perhaps as a result of a conflict of interest or other unusual set of circumstances, the court should exercise its discretion to appoint someone other than the petitioning stranger upon a finding that the stranger lacks the experience or qualifications to administer the estate, even though the petitioner is not disqualified to serve as a fiduciary on the grounds of drunkenness, dishonesty, want of understanding, or one of the other similar grounds set forth in SCPA 707.
Accordingly, where, as here, the petitioner does not even assert that he can presently establish that he is a distributee of the decedent, the Public Administrator clearly has priority (Matter of Kestel, 277 App Div 883; Matter of Wolff, 161 App Div 255; but see, Matter of Hawley, 22 AD2d 914; Matter of Dowd, 18 AD2d 715). Moreover, even if the statute could be construed as requested by petitioner, it would require a most unusual set of circumstances for the court to exercise its discretion in favor of a possible nondistributee over the Public Administrator. No such compelling reason has been presented in this application.
For all of the foregoing reasons, the petition is dismissed and letters of administration may issue to the Public Administrator. Of course, this determination is without prejudice to the petitioner’s right to establish his status as a distributee *588 either in a proceeding brought pursuant to the amelioratory provisions of SCPA 2225 upon the expiration of three years from the decedent’s death or at such earlier time as petitioner believes that he can establish his entitlement to all or part of the estate.